UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARYA DEARING, JANICE GULLICK, BOBBY T. TRESSEL, RICHARD A. HAYNES, NELSON SIEVERS, and LAUREN BROWN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>         v.<br><br>IQVIA, INC., THE BOARD OF DIRECTORS OF IQVIA HOLDINGS, INC., THE BENEFITS INVESTMENT COMMITTEE, and JOHN DOES 1-30.<br><br>         Defendants. | Case No. 1:20-cv-00574-WO-JEP |

**DEFENDANT IQVIA INC.'S, THE BOARD OF DIRECTORS OF IQVIA
HOLDING, INC.'S, AND THE BENEFITS INVESTMENT COMMITTEE'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

Defendants IQVIA, Inc. ("IQVIA"), the Board of Directors of IQVIA ("the

Board"), and the IQVIA Benefits Investment Committee ("the Committee"), collectively

"Defendants," hereby answer Plaintiffs' Amended Complaint ("the Amended

Complaint") as follows:

1.      In response to the allegations contained in Paragraph 1, Defendants admit

that Plaintiffs Darya Dearing, Janice Gullick, Bobby T. Trussel, Richard A. Haynes,

Nelson Sievers, and Lauren Brown (collectively, "Plaintiffs") purport to bring claims

under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in

their individual capacity and on behalf of the IQVIA 401(k) Plan (the "Plan"), and deny that Plaintiffs have any viable claims against Defendants.

2.      The allegations of Paragraph 2 purport to characterize a statute that speaks for itself and provide general background information about defined contribution and defined benefit plans without addressing the Plan at issue in this case and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 purport to provide general background information about defined contribution plans without addressing the Plan at issue in this case and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 3.

4.      Defendants admit only that as reported in the Plan's Form 2018 Form 5500, the Plan had 21,265 participants with account balances and held approximately $1.6 billion in net assets as of December 31, 2018.  Defendants neither admit nor deny the remaining allegations contained in the first sentence of Paragraph 4, which constitute Plaintiffs' characterizations of the cited document that speaks for itself and therefore require no response.  The remaining sentences of Paragraph 4 purport to provide general background information about defined contribution plans without addressing the Plan at issue in this case and therefore require no response.  To the extent a response is required, Defendants deny the remaining allegations of Paragraph 4.

5.     As to the allegations in the first sentence of Paragraph 5, Defendants admit that the Committee selects, monitors, and retains the service provider(s) that provide investment, recordkeeping, and other administrative services for the Plan.  The allegations in the second sentence of Paragraph 5 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 5 fully or fairly set forth the law concerning duties under ERISA.

6.     The allegations of Paragraph 6 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 6.

7.     The allegations of Paragraph 7 purport to describe Plaintiffs' cause of action, and therefore require no response.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring their claims on behalf of a class, but deny that class treatment is appropriate.  Defendants also admit that Plaintiffs purport to bring their claims under ERISA, but deny that Plaintiffs have any viable claims against Defendants, deny that Plaintiffs are entitled to any equitable or remedial relief for the Plan or proposed class under ERISA or any other law, and deny any remaining allegations of Paragraph 7.

8.     The allegations of Paragraph 8 purport to describe Plaintiffs' cause of action, and therefore require no response.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring their claims on behalf of a class, but

deny that class treatment is appropriate. Defendants also admit that Plaintiffs seek the relief identified in this Paragraph, but deny that Plaintiffs are entitled to the relief requested in Paragraph 8 or any other relief under ERISA or any other law, and deny any remaining allegations of Paragraph 8.

9.      Defendants admit that Darya Dearing is a former employee of IQVIA, but deny that Dearing is a current participant in the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 9.

10.     Defendants admit that Janice Gullick is a former employee of IQVIA, but deny that Gullick is a current participant in the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 10.

11.     Defendants admit the allegations in the first sentence of Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 11.

12.     Defendants admit the allegations in the first sentence of Paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 12.

13.     Defendants admit the allegations in the first sentence of Paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 13.

14.     Defendants admit the allegations in the first sentence of Paragraph 14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 14.

15.     As to the allegations in the first sentence of Paragraph 15, Defendants admit that IQVIA is a public Delaware corporation and deny the remaining allegations in the first sentence of Paragraph 15.  Defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 15 of the Amended Complaint, which purport to selectively quote from a document that speaks for itself and therefore require no response.

16.     As to the allegations in the first sentence of Paragraph 16, Defendants admit that the Board had the ability to appoint members to the Committee during the putative class period.  The allegations in the second sentence of Paragraph 16 purport to state legal conclusions, and therefore require no response.

17.     The allegations in the first sentence of Paragraph 17 purport to state legal conclusions, and therefore require no response.  With respect to the remaining allegations of Paragraph 17, Defendants admit the Administrative Committee can be reached through IQVIA's corporate offices, but deny any remaining allegations of Paragraph 17.

18.     The allegations in the first sentence of Paragraph 18 purport to state legal conclusions, and therefore require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and so deny them.

19.     Defendants neither admit nor deny the allegations contained in Paragraph 19, which constitute legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs have any viable claims against Defendants.

20.     Defendants neither admit nor deny the allegations contained in Paragraph 20, which constitute legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs have any viable claims against Defendants.

21.     Defendants neither admit nor deny the allegations contained in Paragraph 21, which constitute legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs have any viable claims against Defendants.

22.     Defendants neither admit nor deny the allegations contained in the first three sentences of Paragraph 22 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited document which speaks for itself and therefore require no response.  Defendants admit the remaining allegations of Paragraph 22.

23.     Defendants admit the allegations in the first five sentences of Paragraph 23. The allegations in the sixth sentence of Paragraph 23 purport to state legal conclusions, and therefore require no response.  The allegations in the seventh sentence of Paragraph 23 are conclusory and definitional in nature and therefore require no response.

24.     Defendants admit the allegations in the first two sentences of Paragraph 24. With respect to the allegations in the third and fourth sentences of Paragraph 24, Defendants admit that the Plan's administrative expenses are paid by either the Plan or the Company, as provided by the Plan documents.  With respect to the fifth sentence of Paragraph 24, Defendants admit that the available investment options for participants of the Plan included a broad array of mutual funds, a collective investment trust, and a separate account.  Defendants otherwise deny the allegations in Paragraph 24.

25.     The allegations of Paragraph 25 purport to provide general background information about mutual funds without addressing the Plan at issue in this case and therefore require no response.

26.     The allegations of Paragraph 26 purport to provide general background information about collective trusts without addressing the Plan at issue in this case and therefore require no response.

27.     Defendants admit the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants admit the allegations in the first sentence of Paragraph 29.  The remaining allegations of Paragraph 29 purport to provide general background information about target date funds without addressing the Plan at issue in this case, and therefore require no response.

30.     Defendants admit the allegations in the first sentence of Paragraph 30. With respect to the allegations in the second sentence of Paragraph 30, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the allegations in the third, fifth, sixth, and seventh sentences of Paragraph 30. With respect to the allegations in the fourth sentence of Paragraph 30, Defendants admit that the Committee had some latitude to choose among certain target date families offered by Fidelity or those of other target date providers.

31.     Defendants admit that according to the funds' prospectuses, the Fidelity Freedom Fund and Fidelity Freedom Index funds share a management team, and the Fidelity Freedom Funds invest in actively-managed mutual funds, whereas the Fidelity Freedom Index Funds invest in passively-managed index funds. Defendants deny the remaining allegations of Paragraph 31.

32.     Defendants deny the allegations in the first sentence of Paragraph 32. The allegations in the second and third sentences of Paragraph 32 purport to provide general background information without addressing the Plan at issue in this case, and therefore require no response. Defendants admit the allegations in the fourth sentence of Paragraph 32.

33.     Defendants deny the allegations in the first two sentences of Paragraph 33. Defendants neither admit nor deny the allegations in the third sentence of Paragraph 33, which purport to characterize information contained in the Plan's 2018 Form 5500, a document that speaks for itself, and therefore require no response.

34.     Defendants deny the allegations of Paragraph 34.

35.     The allegations in sentences one through four and six through seven of Paragraph 35 purport to provide general background information without addressing the Plan at issue in this case and therefore require no response.  To the extent a response is required, Defendants deny the allegations in sentences one through four and six through seven of Paragraph 35.  Defendants neither admit nor deny the allegations contained in the fifth sentence of Paragraph 35, which contain a selective quote of the cited document that speaks for itself, and therefore require no response.

36.     Defendants neither admit nor deny the allegations in Paragraph 36, which purport to characterize information contained in the prospectuses and public filings relating to the referenced funds, documents that speak for themselves, and therefore require no response.

37.     Defendants neither admit nor deny the allegations in the chart referenced in Paragraph 37, which purport to characterize information contained in the prospectuses and public filings relating to the referenced funds, documents that speak for themselves, and therefore require no response.  Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants deny the allegations of the first, third, and ninth sentences of Paragraph 38.  Defendants neither admit nor deny the allegations contained in the second, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 38, which contain selective quotes and purport to characterize a cited and uncited document, and therefore require no response.

39.     Defendants deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 39. Defendants neither admit nor deny the allegations contained in the second and sixth sentences of Paragraph 39 of the Amended Complaint, which contain selective quotes and purport to characterize uncited documents, and therefore require no response. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported statistics in the seventh sentence of Paragraph 39.

40.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the chart in which Plaintiffs purport to calculate the "Cost Comparison." Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the chart in which Plaintiffs purport to calculate the "Portfolio Value From Investing $100,000 Over 20 Years." Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 42. Defendants neither admit nor deny the allegations in the fourth sentence of Paragraph 42, which purport to characterize the cited document that speaks for itself, and therefore require no response.

43.     The allegations of Paragraph 43 purport to provide general background information about target date funds without addressing the Plan at issue in this case, and therefore require no response. Defendants neither admit nor deny the allegations in the

10

second and fifth sentence of Paragraph 43, which purport to characterize the cited documents that speak for themselves, and therefore require no response. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 43.

44.     Defendants neither admit nor deny the allegations in the first sentence of Paragraph 44, which selectively quote and purport to characterize an uncited document that speaks for itself, and therefore requires no response. Defendants deny the allegations in the second sentence of Paragraph 44. Defendants neither admit nor deny the remaining allegations in Paragraph 44, which purport to characterize the Morningstar Ratings that speak for themselves, and therefore require no response.

45.     Defendants deny the allegations in the first, second, and third sentences of Paragraph 45. Defendants neither admit nor deny the allegations in the fourth sentence of Paragraph 45, which purport to characterize information contained in the prospectuses and public filings relating to the referenced funds, documents that speak for themselves, and therefore require no response.

46.     Defendants neither admit nor deny the allegations in the first sentence of Paragraph 46, which purport to characterize information contained in the prospectuses and public filings relating to the referenced funds, documents that speak for themselves, and therefore require no response. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second and third sentence of Paragraph 46. Defendants deny the allegations contained in the fourth sentence of Paragraph 46.

47.     Defendants deny the allegations in the first sentence of Paragraph 47. The remaining sentences of Paragraph 47 purport to provide general background information without addressing the Plan at issue in this case, and therefore require no response.

48.     Defendants neither admit nor deny the allegations in Paragraph 48, which purport to characterize information contained in prospectuses and public filings relating to the Columbia Acorn USA Fund, documents that speak for themselves, and therefore require no response.

49.     Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 49. Defendants neither admit nor deny the allegations in the second sentence of Paragraph 49, which purport to characterize information contained in the prospectuses and public filings relating to the Vanguard Russell 2000 Index Fund, documents that speak for themselves, and therefore require no response.

50.     Defendants neither admit nor deny the allegations in Paragraph 50, which purport to characterize information contained in prospectuses and public filings relating to the Prudential Jennison Mid Cap Growth Fund, documents that speak for themselves, and therefore require no response.

51.     Defendants neither admit nor deny the allegations in Paragraph 51, which purport to characterize information contained in prospectuses and public filings relating to the Prudential Jennison Mid Cap Growth Fund, documents that speak for themselves, and therefore require no response.

52.     Defendants deny the allegations in the first sentence of Paragraph 52. Defendants neither admit nor deny the allegations in the second sentence of Paragraph 52, which purport to characterize the performance of the Prudential Jennison Mid Cap Growth Fund, which speaks for itself, and therefore require no response.

53.     Defendants deny the allegations in the first and fourth sentences of Paragraph 53. Defendants neither admit nor deny the allegations in the second and third sentences of Paragraph 53, which purport to characterize information contained in prospectuses and public filings relating to the referenced funds, documents that speak for themselves, and therefore require no response. Defendants otherwise deny the allegations in the second and third sentence of Paragraph 53.

54.     Defendants deny the allegations in the first two sentences of Paragraph 54. As to the allegations in the third sentence of Paragraph 54, Defendants admit that the Committee changed some funds offered in the Plan lineup and did not change others during the putative class period. Defendants neither admit nor deny the allegations in the fourth sentence of Paragraph 54, which purport to characterize information contained in prospectuses and public filings relating to the Plan's funds and the BrightScope/ICI study, documents that speak for themselves, and therefore require no response.

55.     Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 55. Defendants neither admit nor deny the allegations in the second sentence of Paragraph 55, which purport to characterize the cited document that speaks for itself, and therefore require no response.

56.     Defendants deny the allegations in the first and second sentence of Paragraph 56. Defendants neither admit nor deny the allegations in the chart contained at the end of Paragraph 56, which purport to characterize information contained in prospectuses and public filings relating to the referenced funds, documents which speak for themselves, and therefore require no response.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 58. Defendants neither admit nor deny the allegations in the chart contained at the end of Paragraph 58, which purport to characterize information contained in the prospectuses and public filings relating to the referenced funds, documents which speak for themselves, and therefore require no response.

59.     Defendants deny the allegations of Paragraph 59.

60.     The allegations of Paragraph 60 purport to state legal conclusions, and therefore require no response.

61.     The allegations of Paragraph 61 purport to state legal conclusions, and therefore require no response.

62.     The allegations of Paragraph 62 purport to state legal conclusions, and therefore require no response.

63.     The allegations of Paragraph 63 purport to state legal conclusions, and therefore require no response.

64.     The allegations of Paragraph 64 purport to state legal conclusions, and therefore require no response.

65.     The allegations of Paragraph 65 purport to state legal conclusions, and therefore require no response.

66.     The allegations of Paragraph 66 purport to characterize the putative class that Plaintiffs seek to have certified, and therefore require no response. To the extent a response is required, Defendants deny that Plaintiffs have stated a valid claim against them and deny that certification of a class is appropriate in this case.

67.     Defendants deny the allegations of Paragraph 67, and deny that certification of any class is appropriate in this case.

68.     Defendants deny the allegations of Paragraph 68, and deny that certification of any class is appropriate in this case.

69.     Defendants deny the allegations of Paragraph 69, and deny that certification of any class is appropriate in this case.

70.     Defendants deny the allegations of Paragraph 70, and deny that certification of any class is appropriate in this case.

71.     Defendants deny the allegations of Paragraph 71, and deny that certification of any class is appropriate in this case.

72.     Defendants deny the allegations of Paragraph 72, and deny that certification of any class is appropriate in this case.

73. Defendants deny the allegations of Paragraph 73, and deny that certification of any class is appropriate in this case.

74. Defendants deny the allegations of Paragraph 74, and deny that certification of any class is appropriate in this case.

75. Defendants deny the allegations of Paragraph 75, and deny that certification of any class is appropriate in this case.

76. Defendants deny the allegations of Paragraph 76, and deny that certification of any class is appropriate in this case.

77. Defendants deny the allegations of Paragraph 77, and deny that certification of any class is appropriate in this case.

78. The allegations of Paragraph 78 purport to state legal conclusions, and therefore require no response. To the extent a response is required, Defendants deny that Plaintiffs have stated a valid claim against them and deny that certification of a class is appropriate in this case.

## COUNT I

79. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

## COUNT II

84.     Defendants incorporate their responses to Paragraphs 1 through 83 as if fully set forth herein.

85.     Defendants deny the allegations of Paragraph 85.

86.     The allegations of Paragraph 86 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 86.

87.     The allegations of Paragraph 87 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 87.

88.     The allegations of Paragraph 88 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

## COUNT III

93.     Defendants incorporate their responses to Paragraphs 1 through 92 as if fully set forth herein.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Amended Complaint constitutes a prayer for relief as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek the relief listed, but deny that Plaintiffs have any valid claims against Defendants or right to relief.

## JURY DEMAND

Defendants deny that Plaintiffs are entitled to a jury trial with respect to any of their claims.

## DEFENSES

Defendants advance the following defenses to the Amended Complaint.  The defenses asserted below will apply or will not apply in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

18

### Second Defense

Plaintiffs lack standing to bring claims regarding funds in which each Plaintiff did not invest, or for any time period in which a Plaintiff did not participate in the Plan.

### Third Defense

Plaintiffs' claims, and those of the putative class members, are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs and/or the putative class members had knowledge of their alleged claims more than three years prior to filing the Amended Complaint and/or that the conduct giving rise to Plaintiffs' claim occurred more than six years prior to the filing of the Amended Complaint.

### Fourth Defense

Neither the Plaintiffs nor the putative class members have suffered any legally cognizable losses or damages from their purported investments in funds through the Plan.

### Fifth Defense

Any injury sustained by Plaintiffs or any putative class members on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Amended Complaint.

### Sixth Defense

Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

19

**Seventh Defense**

Plaintiffs' claims, and those of the putative class members, are barred, in whole or in part, because the Amended Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and because it seeks relief that is not "other appropriate equitable relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**Eighth Defense**

Plaintiffs' claims, and those of the putative class members, are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs and/or the putative class members exercised control over their plan accounts.

**Ninth Defense**

The claims of Plaintiffs and the putative class members are barred or reduced because they have proximately caused, contributed to, and/or failed to mitigate an any and all harm and/or loss claimed.

**Tenth Defense**

The claims of Plaintiffs and the putative class members are barred by the doctrine of laches, waiver, and/or estoppel.

**Eleventh Defense**

The claims of Plaintiffs and the putative class members are barred to the extent that Plaintiffs and/or the putative class members released and/or covenanted to not sue Defendants regarding the ERISA claims brought in the Amended Complaint.

20

**Twelfth Defense**

The claims of Plaintiffs and the putative class members are barred by their failure to exhaust administrative remedies.

**Thirteenth Defense**

To the extent that this action seeks exemplary or punitive damages, any such relief would violate Defendants' rights to procedural and substantive due process.

**Fourteenth Defense**

Committees can neither properly be sued as parties nor considered as fiduciaries under ERISA; accordingly, the Benefits Investment Committee is not a proper party to this lawsuit.

**Fifteenth Defense**

One or more of the Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain purported misconduct alleged by Plaintiffs.

**Sixteenth Defense**

Those Defendants who may be deemed to be fiduciaries engaged in a prudent and loyal process and followed the appropriate Plan documents in selecting and monitoring the Plan's investment options and fees.

**Seventeenth Defense**

The Plan's investments were substantively/objectively prudent.

## Eighteenth Defense

The fees associated with the Plan were reasonable and were properly disclosed.

## Nineteenth Defense

A hypothetical prudent fiduciary would have selected the same investment options.

## Twentieth Defense

One or more of the Defendants prepared filings and made disclosures of the Plan's fees and expenses based on the requirements of ERISA as they were commonly understood.

## Twenty-First Defense

Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to amend their answer to assert such defenses.

## DEMAND FOR JUDGMENT

WHEREFORE, Defendants respectfully request that the Court:

a)      dismiss the Amended Complaint with prejudice;

b)      award Defendants their attorneys' fees and costs; and

22

c)      grant such other and further relief as it deems just and proper.

Dated:  October 5, 2021

Respectfully submitted,

*/s/ Jennifer K. Van Zant*

| | |
|---|---|
| Justin N. Outling | James O. Fleckner* |
| NC State Bar No. 38409 | (*Special appearance*) |
| Jennifer K. Van Zant | GOODWIN PROCTER LLP |
| N.C. State Bar No. 21280 | 100 Northern Avenue |
| BROOKS, PIERCE, McLENDON, | Boston, MA 02210 |
| HUMPHREY & LEONARD, L.L.P. | jfleckner@goodwinlaw.com |
| P.O. Box 26000 | Phone:  (617) 570-1000 |
| Greensboro, NC  27420 | Fax:  (617) 523- 1231 |
| joutling@brookspierce.com | |
| jvanzant@brookspierce.com | Matthew L. Riffee* |
| Phone: (336) 373-8850 | (*Special appearance*) |
| Fax: (336) 232-9132 | GOODWIN PROCTER LLP |
| | 1900 N Street, NW |
| | Washington, D.C 20036 |
| | mriffee@goodwinlaw.com |
| | Phone:  (202) 346-4000 |
| | Fax:  (202) 346-4444 |

***Attorneys for Defendants***

23

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2021, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

/s/ Jennifer K. Van Zant
Jennifer K. Van Zant

24