IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARYA DEARING, *et al.*,<br><br>      Plaintiffs,<br>v.<br>IQVIA INC., *et al.*,<br><br>      Defendants. | Case No: 1:20-cv-00574-WO-JEP |

## DECLARATION OF ALEC J. BERIN

I, Alec J. Berin, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am an attorney with the law firm Miller Shah LLP ("Miller Shah" or "Class Counsel"). I am admitted to practice law in the Commonwealth of Pennsylvania and State of New Jersey, and I have worked on the above-captioned action (the "Action") since the initial pleadings stage. I have personal knowledge of the facts set forth herein.

2. Attached as Exhibit "1" is a true and correct copy of the Settlement Agreement[1] dated May 15, 2024, including all exhibits to the Settlement Agreement:

    **Exhibit A** – Notice of Settlement

    **Exhibit A-1** – Former Participant Claim Form

    **Exhibit B** – Plan of Allocation

    **Exhibit C** – [Proposed] Preliminary Approval Order

    **Exhibit D** – [Proposed] Final Approval Order

---

[1] Terms not defined herein shall have the same meaning as in the Settlement Agreement.

**Exhibit E** – Template Class Action Fairness Act Notice

3. Plaintiffs, Darya Dearing, Janice Gullick, Nelson Sievers and Lauren Brown (collectively, "Plaintiffs"), have actively participated in the litigation from the outset and assisted Class Counsel in drafting the pleadings and other papers filed in the Class Action, consulted with Class Counsel as needed, answered discovery requests, prepared for and sat for depositions, provided additional information, participated in strategy and settlement discussions with Class Counsel, and otherwise assisted in representing the interests of the Plan and the Class in the Action. Plaintiffs also participated in regular conference calls with Class Counsel to ensure they remained fully apprised of all developments in the Action. Plaintiffs fully understand the nature of their claims, as well as their duties and responsibilities as Class Representatives and to the Plan, and they have no interest antagonistic to the Plan and members of the Settlement Class.

4. Based on my review of the Plan's Form 5500 filed with the Department of Labor, participants and beneficiaries in the Plan number in the thousands throughout the Class Period. Plaintiffs were Participants in the Plan during the Class Period.

5. Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide, including hundreds of millions of dollars in ERISA class actions.[2] In ERISA class and representative actions, James E. Miller, James C. Shah,

---

[2]*See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-feelitigation-gatekeeper-cases/.

2

Case 1:20-cv-00574-WO-JEP    Document 166-2    Filed 05/15/24    Page 2 of 7

Laurie Rubinow, and I lead Miller Shah's practice and, over the past decade, we have served as lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on behalf of retirement plans and their participants, including *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young and resulting in a settlement valued at over $400 million for a class of retirement plans); *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 1:17-cv-06685 (S.D.N.Y.) ($124.6 million settlement on behalf of retirement plan participants); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06- cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Garthwait v. Eversource Energy Servs. Co.*, No. 3:20-cv-00902 (D. Conn.) ($15 million settlement on behalf of retirement plan participants); *Boley v. Universal Health Servs.*, Inc., No. 2:20-cv-02644 (E.D. Pa.) ($12.5 million settlement on behalf of retirement plan participants); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20- cv-00988 (W.D.N.C.) (settlement of $3.5 million for class of plan participants); *Barcenas v. Rush Univ. Med. Ctr.*, No. 1:22-cv-00366 (N.D. Ill.) ($2.95 million settlement on behalf of retirement plan participants); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv- 00988 (W.D. Tex.) (settlement of $1.875 million for class of plan participants); *Hay v. Gucci, Inc.*, No. 2:17-cv-07148 (D.N.J.) ($1.2 million settlement for class of plan participants in

3

small defined contribution retirement plan).  In addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against Fraud ("TAF"), a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein v. Teva Pharmaceuticals*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the Southern District of New York before Judge Gardephe and Chief Judge McMahon, respectively, and demonstrate Class Counsel's ability to handle exceptionally complex litigation.  Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to properly represent the interests of the Plan and the Settlement Class in this case. Miller Shah has litigated this case with Capozzi Adler, P.C. ("Capozzi Adler"), a firm with significant experience in ERISA class action litigation.

6. During the course of this litigation, trial preparation, and settlement negotiations, the parties briefed several dispositive and procedural motions, engaged in full discovery and exchanged additional information sufficient to enable counsel for all parties to evaluate the strength of Plaintiffs' claims and risks of continued litigation. Specifically, Defendants produced and Plaintiffs and Class Counsel reviewed tens of thousands of pages of relevant documents and communications reflecting the relationships between and among fiduciaries, Defendants' management and administration of the Plan, and Defendants' process for monitoring the Plan's investments and investment service providers.  These documents included chartering documents of the fiduciary committee, the Plans' investment policy statements during the

4

Class Period, minutes of fiduciary committee meetings, materials provided to the fiduciary committee to support its decision-making, disclosures by service providers, disclosures made to participants in the Plans, and communications between and among Plan fiduciaries and others involved in the management and administration of the Plan. The parties also took the depositions of numerous fact witnesses, produced expert reports going to issues of liability and damages, and deposed each expert anticipated to testify at trial on behalf of an adverse party.

7. Prior to reaching the Settlement, the parties communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, conducted independent analyses to support their claims and defenses and evaluate potential resolutions, and participated in candid settlement discussions. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations. In fact, the parties reached agreement to resolve the Action after summary judgment motions were fully briefed and argued, and the Court had set a date for trial.

8. As noted above, Class Counsel have significant experience in similar litigation and are well-informed as to the specifics of this Class Action. Class Counsel's thorough investigation, coupled with the document discovery conducted in this Class Action, has afforded Miller Shah and Capozzi Adler a significant understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the case.

9. The Parties have exchanged expert reports going to issues of liability and

losses and vigorously dispute the amount of the Plan's losses. When accounting for the criticisms of Defendants' damages expert, Plaintiffs and their experts have estimated that realistically recoverable damages associated with the claims to be tried are approximately $7 million.[3] At summary judgment, Defendants challenged Plaintiffs' ability to establish the Plan's losses and causation, if the Action proceeded through trial, likely would have renewed their challenges to these elements (not to mention other challenges to Plaintiffs' proof of liability). Accordingly, the Settlement recovery amounts to approximately 50% of the realistically recoverable damages assuming proof of complete liability.

10. Class Counsel have fully investigated and developed this action. They have reviewed document productions sufficient to meaningfully assess the strength of Plaintiffs' claims, worked with experts, and engaged in motion practice, and will continue to properly and vigorously represent the interests of the Plan and the Class.

11. Class Counsel prosecuted the Action on a contingent basis and advanced all associated costs with no expectation of recovery in the event the litigation did not result in a recovery for the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of May, 2024, at Philadelphia, Pennsylvania.

/s/ *Alec J. Berin*
Alec J. Berin
MILLER SHAH LLP

---

[3] Plaintiffs do not concede that the criticisms raised by Defendants' damages expert are correct and would contest them at trial; nonetheless, Plaintiffs submit that these criticisms are informative in assessing the range of reasonable recoveries.

*Attorney for Plaintiffs, the Plan,
and the Settlement Class*