# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-cv-00574-WO-JEP

DARYA DEARING, *et al.*,

      Plaintiffs,

    v.

IQVIA INC., *et al.*,

      Defendants.

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into as of May 15, 2024, by and between Plaintiffs, Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown (collectively, "Plaintiffs"), individually and on behalf of the certified Class and the IQVIA 401(k) Plan, formerly known as the Quintiles 401(k) Plan (the "Plan"), and Defendants, IQVIA Inc., the Board of Directors of IQVIA Holdings Inc., and the Benefits Investment Committee (collectively, "Defendants," and with Plaintiffs, the "Settling Parties"), in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate. The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and terms and conditions set forth in this Settlement Agreement.

The capitalized terms used in this Settlement Agreement are defined in Article I, below.

## RECITALS

**WHEREAS**, on June 23, 2020, Plaintiffs filed the Action against Defendants in the United States District Court for the Middle District of North Carolina, asserting certain claims for breach of fiduciary duty and other alleged violations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, on behalf of the Plan and a proposed class of similarly-situated participants and beneficiaries of the Plan;

**WHEREAS**, on September 25, 2020, Plaintiffs filed the Amended Complaint (ECF No. 17), the operative Complaint;

**WHEREAS**, on October 5, 2021, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint (ECF No. 31);

**WHEREAS**, on May 12, 2022, the Court entered an order (ECF No. 55) certifying this case as a class action pursuant to Plaintiffs' motion for class certification, which Defendants did not oppose;

**WHEREAS**, during the course of litigation, the Settling Parties engaged in fact and expert discovery, significant motion practice including for summary judgment, had begun to prepare for the bench trial tentatively set for September 3, 2024, and were able to fully evaluate the merits of the claims and defenses and alleged losses to the Plan;

**WHEREAS**, the Settlement was negotiated by sophisticated counsel following a mediation and follow-up negotiations over the course of several months, during which the Settling Parties exchanged positions and supporting information concerning the claims and defenses in the Action and alleged losses to the Plan;

**WHEREAS**, Defendants deny any wrongdoing and any liability arising from the factual allegations and claims set forth in any complaint filed in the Action;

**NOW, THEREFORE**, it is agreed by, between, and among the undersigned that the Action shall be settled and dismissed with prejudice on the terms and conditions set forth herein, subject to judicial approval.

## 1. ARTICLE 1 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1. "Action" or "Class Action" means the civil action captioned *Dearing, et al. v. IQVIA Inc., et al.,* Case No. 1:20-cv-00574-WO-JEP, pending in the United States District Court for the Middle District of North Carolina.

1.2. "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the date the Preliminary Approval Order is entered by the Court.

1.3. "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, excluding any fees and expenses of the Plan's Recordkeeper in connection with the same; (b) all expenses and costs associated with the distribution of funds under the Plan of Allocation, excluding any fees and expenses of the Plan's Recordkeeper in connection with the same; (c) all fees and expenses of the Settlement Administrator and Escrow Agent; (d) all fees and expenses of the Independent Fiduciary, not to exceed $20,000 or such other amount as the Settling Parties may agree is reasonable and necessary; and (e) all related tax expenses (including taxes and tax expenses as described in Section 4.3). Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal fees and expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

1.4. "Alternate Payee" means a Person other than a Current Participant, a Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.5. "Attorneys' Fees" means the amount awarded by the Court as compensation for the services provided by Class Counsel. The amount of Attorneys' Fees for Class Counsel shall not

exceed one-third (1/3) of the Gross Settlement Amount and shall be recovered from the Gross Settlement Amount.

1.6.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.7.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive benefits payable under the Plan, on either a primary or contingent basis, other than a Current Participant, a Former Participant, or an Alternate Payee.

1.8.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

1.9.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.10.    "Case Contribution Award" means the monetary amount awarded by the Court to each of the Class Representatives in recognition of the Class Representatives' assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $12,500.00 payable from the Gross Settlement Amount for each of the Class Representatives. Any such Case Contribution Award shall be subject to the approval of the Court.

1.11.    "Class Counsel" means Miller Shah LLP and Capozzi Adler, P.C.

1.12.    "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.13.    "Class Period" means the period from June 23, 2014 through the date the Preliminary Approval Order is entered by the Court.

1.14.    "Class Representatives" means Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown, collectively.

1.15.    "Committee" means the Benefits Investment Committee or any successor fiduciary committees that have responsibility for selecting and monitoring the Plan's investments and fees.

1.16.    "Complaint" means the Amended Complaint filed on September 25, 2020 (ECF No. 17).

1.17.    "Court" means the United States District Court for the Middle District of North Carolina.

1.18.    "Current Participant" means a member of the Settlement Class who had an Active Account as of the date the Preliminary Approval Order is entered by the Court.

1.19.    "Defendants" means IQVIA Inc., the Board of Directors of IQVIA Holdings Inc., and the Benefits Investment Committee.

3

1.20.   "Defense Counsel" means Goodwin Procter LLP and Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.

1.21.   "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

1.22.   "Escrow Agent" means the entity approved by the Settling Parties to act as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Qualified Settlement Fund pursuant to this Settlement Agreement.

1.23.   "Fairness Hearing" means the hearing scheduled by the Court to consider: (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Litigation Expenses and Class Representatives' Case Contribution Award; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).  The Fairness Hearing may be conducted telephonically or by videoconference.

1.24.   "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for *certiorari*, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Final thirty (30) calendar days after its entry by the Court.

1.25.   "Final Approval Order" means the entry of the order and final judgment by the Court approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, in substantially the form attached as Exhibit D hereto.

1.26.   "Former Participant" means a member of the Settlement Class who had a Plan account with a balance greater than $0 during the Class Period but who does not have an Active Account as of the date the Preliminary Approval Order is entered by the Court.

1.27.   "Former Participant Claim Form" shall mean the form to be provided to Former Participants and returned to the Settlement Administrator by Former Participants and Beneficiaries, substantially in the form set forth in Exhibit A-1 hereto.

1.28.   "Gross Settlement Amount" means the sum of three million five-hundred thousand U.S. dollars ($3,500,000.00), contributed to the Qualified Settlement Fund in accordance with Article 5.  Defendants shall cause the Gross Settlement Amount to be paid by their insurer(s).  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.  Other than as specified herein, neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Class Action.

4

1.29.    "Independent Fiduciary" means a qualified and independent third-party appointed by Defendants on behalf of the Plan that has no relationship to any of the Settling Parties and will serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.30.    "IQVIA" means IQVIA Inc.

1.31.    "Litigation Expenses" means all reasonable and necessary litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, which, subject to Court approval, shall be recovered from the Gross Settlement Amount.

1.32.    "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Litigation Expenses paid to Class Counsel as authorized by the Court; (b) any Case Contribution Award as authorized by the Court; (c) all Administrative Expenses as authorized by the Court; (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors; and (e) any other Court-approved deductions.

1.33.    "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.34.    "Plaintiffs" means the Class Representatives.

1.35.    "Plan" means the IQVIA 401(k) Plan, formerly known as the Quintiles 401(k) Plan, and each of its predecessor plans or successor plans, individually and collectively, and any trust created under such plans.

1.36.    "Plan of Allocation" means the method of allocating the Net Settlement Amount to Class Members, which shall be subject to Court approval.  A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.37.    "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.38.    "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.39.    "Qualified Settlement Fund" means the interest-bearing qualified settlement fund account to be established and maintained by the Escrow Agent in accordance with Articles 4 and 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Section 468B of the Internal Revenue Code (the "Code") and Treas. Reg. § 1.468B-1).

1.40.    "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.41.   "Released Claims" means any and all past, present, and future actual or potential claims of any nature (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on facts existing, acts, or failures to act during the Class Period and through the entry of the Final Approval Order, by or on behalf of the Plan, the Class Representatives, each and every member of the Settlement Class, and their respective heirs, beneficiaries, executors, administrators, past and present parties, agents, attorneys, and assigns:

1.41.1. That were asserted or could have been asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the operative Complaint; or

1.41.2. That arise out of, relate in any way to, are based on, or have any connection with: (a) the selection, oversight, retention, monitoring, fees, expenses, or performance of the Plan's investment options; (b) the selection, oversight, retention, monitoring, or performance of the Plan's service providers;(c) fees, costs, or expenses charged to, paid, or reimbursed by, or authorized to be paid or reimbursed to the Plan's investment options or to the Plan for its investment options; (d) disclosures, filings, or failures to disclose information regarding the Plan's investment options or fees; (e) disclosures or failures to disclose relationships among fiduciaries, service providers, and investment managers for the Plan; (f) compliance with the Plan's governing documents with respect to the selection and monitoring of the Plan's investments or service providers (g) the management, oversight or administration of the Plan or its fiduciaries with respect to the foregoing; (h) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA with respect to the foregoing; or (i) arise out of the Class Action or are in any way related to any of the acts, omissions, facts, matters, transactions, or occurrences alleged in the Complaint; or

1.41.3. That would be barred by *res judicata* based on entry of the Final Approval Order; or

1.41.4. That arise out of or relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation, including all tax liability and associated penalties and interest as well as related attorneys' fees and expenses; or

1.41.5. That arise out of or relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

1.41.6. The Class Representatives, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a

6

"general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.41.7. "Released Claims" does not include any claims that the Class Representatives or the Settlement Class have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final.

1.42. "Released Parties" means (a) each Defendant; (b) each Defendant's insurers, co-insurers, and reinsurers; (c) each Defendant's direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors-In-Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, committees, subcommittees, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; (e) Defendants' independent contractors, Representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal Representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, employee benefit plan committees and subcommittees, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the individual members of the Committee, the spouses, members of the immediate families, representatives, and heirs of the individual members of the Committee, as well as any trust of which an individual member of the Committee is a settlor or which is for the benefit of the individual member of the Committee and/or member(s) of his/her family, and each of their heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

1.43. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.44. "Review Proceeding" shall have the meaning set forth in Section 1.24.

1.45. "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 15.13.

1.46. "Settlement Administrator" means Strategic Claims Services, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.47. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.48. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.49. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants, including the individual members of the Board of Directors of IQVIA and the Committee during the Class Period, and their Beneficiaries. This definition is intended to be coextensive with the class certified in the Court's May 12, 2022 Findings and Order Certifying Class (ECF No. 55).

1.50. "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.51. "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A. The Settlement Notice shall inform Class Members of a Fairness Hearing to be held by the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Litigation Expenses; (c) payment of Administrative Expenses; and (d) Class Representatives' Case Contribution Award.

1.52. "Settlement Website" means the internet website established in accordance with Section 13.2.

1.53. "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.54. "Successor-In-Interest" shall mean a Person or party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.55. "Transferor" means IQVIA as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

2. **ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

2.1. <u>Independent Fiduciary</u>. The Independent Fiduciary, retained by Defendants on behalf of the Plan, shall have the following responsibilities, including determining whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

Case 1:20-cv-00574-WO-JEP    Document 166-3    Filed 05/15/24    Page 9 of 77

2.1.1. The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.2. The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than forty-five (45) calendar days before the Fairness Hearing.

2.1.3. All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $20,000 or such other amount as the Settling Parties may agree is reasonable and necessary, will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4. Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.5. If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within ten (10) calendar days of receipt of the determination.

2.1.6. A copy of the Independent Fiduciary determination letter and/or report shall be provided to Class Counsel, who may file it with the Court in support of Final approval of the Settlement.

2.2.  <u>Preliminary Approval</u>.  As soon as reasonably possible upon the full execution of this Settlement Agreement by the Settling Parties, the Class Representatives, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C.  Defendants will not oppose this motion.  The Preliminary Approval Order to be presented to the Court shall, among other things:

2.2.1. Approve the selection of Settlement Administrator and Escrow Agent;

2.2.2. Grant the motion to maintain certification of the Settlement Class for settlement purposes under Fed. R. Civ. P. 23(b)(1);

2.2.3. Approve the text of the Settlement Notice (including the Former Participant Claim Form) for mailing or sending by electronic means to Class Members;

2.2.4. Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notices and the Former Participant Claim Form constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights

of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.2.5. Cause the Settlement Administrator to send by first-class mail and/or e-mail the Settlement Notice and Former Participant Claim Form to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeeper;

2.2.6. Provide that the Former Participant Claim Form must be returned to the Settlement Administrator within one hundred and twenty (120) days after entry of the Preliminary Approval Order, by any Former Participants, Beneficiaries, or Alternate Payees who do not have Active Accounts, who wish to receive the benefits of this Settlement;

2.2.7. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through a Representative, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.2.8. Set the Fairness Hearing for no sooner than one hundred and forty (140) days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Litigation Expenses, Class Representatives' Case Contribution Award, and Administrative Expenses;

2.2.9. Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate fifteen days (15) before the Fairness Hearing;

2.2.10. Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing;

2.2.11. Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

2.2.12. Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

2.3.   Settlement Administrator.   IQVIA shall cooperate with the Settlement Administrator by using reasonable efforts to provide, to the extent readily accessible, data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.3.1.   The Settlement Administrator must agree to be bound by the Stipulation and Protective Order (ECF No. 48) and Supplemental Protective Order (ECF No. 49) and any further non-disclosure or security protocol required by the Settling Parties.

2.3.2.   The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.3.3.   At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.3.4   The Settlement Administrator shall maintain reasonably detailed records of its activities carried out under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and provide same to Class Counsel and Defense Counsel upon their request. The Settlement Administrator shall provide such information as may reasonably be requested by Plaintiffs or Defendants or their counsel relating to the administration of the Settlement Agreement.

2.4.   Settlement Notice.   By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth herein, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

2.5.   CAFA Notice.  No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants, through the Settlement Administrator, shall serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.  The costs of such notice shall be considered an Administrative Expense.  Upon completing such notice, the Settlement Administrator shall provide written notice to Class Counsel and Defense Counsel.

3.   **ARTICLE 3 – FINAL SETTLEMENT APPROVAL**

3.1.   No later than forty-five (45) calendar days before the Fairness Hearing, Class Counsel shall file a motion seeking final approval of the Settlement, which shall request approval

by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

3.1.1. Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.1.2. A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

3.1.3. Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.1.4. That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

3.1.5. That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

3.1.6. That the provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Litigation Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

3.1.7. That all applicable CAFA requirements have been satisfied;

3.1.8. That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

3.1.9. That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Authorized Administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

3.1.10. That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

3.2. The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and the Final Approval Order.

## 4. ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

4.1. No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent. The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be structured and managed to qualify as, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1, *et seq.* In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4.1. If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 4.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to be timely made.

4.2. The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator. The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including, without limitation, applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)). Such returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes

13

(including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3.    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Qualified Settlement Fund for any period during which the Qualified Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4.    Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, then the Transferor shall cause its insurer to deposit two hundred fifty thousand dollars ($250,000.00) into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

4.5.    Within twenty-one (21) calendar days after the Settlement Effective Date, Transferor shall cause its insurer(s) to deposit the remainder of the Gross Settlement Amount into the Qualified Settlement Fund. No other Defendant shall have any obligation to contribute financially to the Qualified Settlement Fund.

4.6.    The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7.    The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement

14

Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8. The Settlement Administrator shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9. No later than February 15 of the year following the calendar year in which Defendants or their insurer(s) make any transfer of the Gross Settlement Amount, or any other amount, to the Qualified Settlement Fund on behalf of the Transferor pursuant to the terms of this Article 4, the Transferor shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which Defendants or their insurer(s) make a transfer on the Transferor's behalf to the Qualified Settlement Fund.

## 5. PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

5.1. <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>. Class Counsel, without prior Court approval, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.1.1. <u>Settlement Notice Expenses</u>. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice. Class Counsel has selected the Settlement Administrator to assist with Class Notice and administration of the Settlement, subject to the agreement of Defendants, which agreement shall not unreasonably be withheld. At the request of Defendants, the Settlement Administrator shall enter into a confidentiality agreement and information security agreement to adequately protect information provided to the Settlement Administrator relating to the Settlement. Except as otherwise provided herein, any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund. Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

5.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

5.1.3. For fees and expenses of the Independent Fiduciary up to a cap of $20,000 or such other amount as the Settling Parties may agree is reasonable or necessary. The

Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable fees and expenses of the Independent Fiduciary (which shall include any attorneys' fees of the Independent Fiduciary, subject to the cap of $20,000 or such other amount as the Settling Parties may agree is reasonable or necessary) retained pursuant to Article 2.1. To the extent Defendants and/or their insurer(s) pay any costs, fees or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse Defendants and/or their insurer(s) for such amounts.

      5.1.4. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement, including any Administrative Expenses.

     5.2. Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

      5.2.1. For Attorneys' Fees and Litigation Expenses, as approved by the Court, and no later twenty-one (21) calendar days following the Settlement Effective Date.

      5.2.2. For Class Representatives' Case Contribution Award, as approved by the Court, and no later than twenty-one (21) calendar days following the Settlement Effective Date.

      5.2.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid, including any Administrative Expenses.

      5.2.4. The Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

     5.3. <u>Implementation of the Plan of Allocation</u>. Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to all Class Members. Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses, set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation. The Recordkeeper or Authorized Administrator shall allocate to the Plan accounts of Class Members who have Active Accounts any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which Class Counsel shall direct the Settlement Administrator to provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount**.** The Settlement Administrator shall promptly notify

16

Class Counsel and Defense Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who have Active Accounts. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to Class Members without Active Accounts as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Class Members without Active Accounts, and shall promptly notify Class Counsel and Defense Counsel as to the date(s) and amounts(s) of said distributions made to Class Members who are Former Participants. Defendants shall have no liability related to the structure or taxability of such payments. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

5.4. The Plan of Allocation shall distribute the Net Settlement Amount in a manner that the distributions shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

5.5. <u>Final List of Class Members</u>. Prior to the disbursement of the Net Settlement Amount, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

5.6. After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall revert to the Qualified Settlement Fund for distribution consistent with the Plan of Allocation.

## 6. ARTICLE 6 – ATTORNEYS' FEES AND LITIGATION EXPENSES

6.1. <u>Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Award</u>. Class Counsel intends to seek to recover their Attorneys' Fees not to exceed one-third (1/3) of the Gross Settlement Amount, and reasonable and necessary Litigation Expenses advanced and carried by Class Counsel for the duration of the Class Action, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Award, in an amount not to exceed $12,500.00 for each of the Class Representatives, which shall be recovered from the Gross Settlement Amount.

6.2. Class Counsel will file a motion for an award of Attorneys' Fees and Litigation Expenses and Class Representatives' Case Contribution Award no later than forty-five (45) calendar days before the date of the Fairness Hearing specified in the Preliminary Approval Order.

6.3. Neither Defendants, Released Parties, or Defense Counsel shall have any responsibility for or liability with respect to the allocation of Attorneys' Fees and/or Litigation Expenses among Class Counsel.

**7. ARTICLE 7 – RELEASE AND COVENANT NOT TO SUE**

7.1.    As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1), the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not any Class Representative or Class Member may discover facts in addition to or different from those which the Class Representatives, Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not any Class Member has executed and delivered a Former Participant Claim Form; whether or not any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Litigation Expenses and expenses or for the Class Representatives' Case Contribution Awards; and whether or not the objections or claims for distribution of any Class Member have been approved or allowed.

7.2.    As of the Settlement Effective Date, the Class Representatives, the Class Members, and the Plan (subject to Independent Fiduciary approval as required by Section 2.1) expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance agency or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3.    Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, had they been known, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plan shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.4.    The Class Representatives, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Class Members and Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

18

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, that the Class Representatives, the Class Members and the Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

7.5.   <u>Dismissal With Prejudice</u>.   The Class Action and all Released Claims shall be dismissed with prejudice.

7.6   <u>No Impact on Prior Releases</u>.   The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by any Class Representatives or Class Members against any of the Released Parties.

## 8.   **ARTICLE 8 – COVENANTS**

The Settling Parties covenant and agree as follows:

8.1.   <u>Taxation</u>.   Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that Plaintiffs or Class Counsel receive from the Gross Settlement Amount.   Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.   Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

8.2.   <u>Cooperation</u>.   IQVIA shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

8.2.1.   IQVIA or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel data regarding Class Members (including names, dates of birth, the final four digits of social security numbers, employee identification numbers, dates of employment, last known primary address, Beneficiary and Alternate Payee information (as applicable), and end-of-quarter account balances throughout the Class Period), for purposes of effecting the administration of the Plan of Allocation.   Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section.

8.2.2.   The Settlement Administrator shall use the information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2.1 to

19

compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

8.2.3. Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2.1 solely and for no other purpose than providing notice and administering this Settlement and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3. The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Approval Order approving the Settlement unless expressly permitted by this Settlement Agreement. The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Approval Order or, if earlier, termination of the Settlement Agreement.

## 9. ARTICLE 9 – REPRESENTATION AND WARRANTIES

9.1. <u>Settling Parties' Representations and Warranties</u>. The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

9.1.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2. That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties. The Settling Parties, and each of them, further represent and warrant to each other that he, she, they, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, they, or it deems necessary.

9.2. <u>Signatories' Representations and Warranties</u>. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he, she, they, or it has the authority to execute this Settlement

20

Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 10. ARTICLE 10 – NO ADMISSION OF LIABILITY

10.1.    The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission, or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

10.2.    This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the possible future expenses, burdens, or distractions of further litigation.  Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation such as the Class Action.  Neither the fact nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

## 11. ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied.  The Settling Parties agree that if any of these conditions are not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.4) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date.

11.1.    Court Approval.  The Court shall have maintained certification of the Settlement Class for settlement purposes (to which Defendants will not object), the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order, and the Settlement Effective Date shall have occurred.

11.2.    Finality of Settlement.  The Settlement shall have become Final.

11.3.    Resolution of CAFA Objections (If Any).  In the event that any of the government officials who received a CAFA Notice objects to and requests modification(s) to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modification(s).  In the event such objection(s) or requested modification(s) are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 12.

21

11.4.    Settlement Authorized by Independent Fiduciary.  At least forty-five (45) calendar days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39.  If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary and/or the Independent Fiduciary's release on behalf of the Plan.  Otherwise, Defendants shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

## 12.    ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

12.1.    The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 11.4;

12.1.2. The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3. The Settlement Class is not maintained as set forth herein or in a form which is otherwise agreed to by the Settling Parties;

12.1.4. This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5. The Preliminary Order or Final Approval Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

12.2.    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement

22

Fund, and any interest earned thereon, shall be returned to Defendants or Defendants' insurer(s) within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

12.3.  It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Litigation Expenses and/or Class Representatives' Case Contribution Award and/or modifies any of the proposed orders relating to Attorneys' Fees and Litigation Expenses and/or Class Representative's Case Contribution Award.

## 13.  ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

13.1.  Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they comply with this Article 13 in all other respects.

13.2.  The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents following the date of the Preliminary Approval Order: the Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participant Claim Form, Plaintiffs' motions for final approval and awards of Attorneys' Fees and Litigation Expenses and Class Representatives' Case Contribution Award, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settlement Parties.  The Settlement Administrator shall maintain the Settlement Website until no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the list referenced in Section 3.1.10, whichever is earlier, at which point the Settlement Administrator shall take down the Settlement Website.

13.3.  Class Representatives and Class Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Class Action or the Settlement that disparages any Released Party; provided, however, that this prohibition does not preclude Class Counsel from restating the allegations made in the Complaint for purposes of the motion for Preliminary Approval of the Settlement, motion for Final Approval of the Settlement, or the request for Attorneys' Fees and Litigation Expenses, Administrative Expenses, and Class Representatives' Case Contribution Award, or as necessary to provide notice to the Settlement Class.  This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a request by a regulatory agency, or as required by law.

13.4.  Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, affirmatively contact any media sources regarding the Settlement, or respond to any request for comment on the Settlement by the media.  Additionally, Class Counsel agrees that they will not maintain or include any information regarding the Settlement in posts on blogs or social media accounts, except as required to provide

23

notice as otherwise agreed upon by the Settling Parties. Class counsel also agrees that they will not maintain or include any information regarding the Settlement in marketing information, firm bios, or resumes, except to the extent—and only to the extent—that the information is already explicitly stated in this Settlement Agreement.

13.5.    Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for Preliminary Approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations, or order of the Court.

## 14.    ARTICLE 14 – GENERAL PROVISIONS

14.1.    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to undertake all tasks as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

14.2.    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

14.3.    Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

14.4.    Defendants and Released Parties deny all allegations of wrongdoing. Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA.

14.5.    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the

Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount, or otherwise.

14.6.    The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including but not limited to the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

14.7.    The Settling Parties acknowledge that any payments to Class Representatives, Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any Settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. The Settlement Administrator is authorized by the Parties to comply with any withholding or reporting requirements under any federal, state, local, or non-U.S. law. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

14.8.    Each Class Representative or Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Representative or Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, Attorneys' Fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

14.9.    Only Class Counsel may seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate that is not in contravention to this Settlement Agreement, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses from the Qualified Settlement Fund beyond the Attorneys' Fees and Litigation Expenses determined by the Court.

14.10.  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, North Carolina law, without regard to its conflict of law doctrines.

14.11.  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement. Any motion or action to enforce this Settlement Agreement—including

25

by way of injunction—shall be filed in the United States District Court for the Middle District of North Carolina or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

14.12. Each party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

14.13. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

14.14. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

14.15. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be reasonably necessary to consummate and effectuate the subject matter of this Settlement Agreement.

14.16. All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit A-1 – Former Participant Claim Form; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

14.17. No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

14.18. Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement:

14.18.1. Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

14.18.2. <u>Singular and Plural</u>. Definitions apply to the singular and plural forms of each term defined.

14.18.3. <u>Gender</u>. Definitions apply to the masculine, feminine, non-binary, and neuter genders of each term defined.

14.18.4. <u>References to a Person</u>. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

14.18.5. <u>Terms of Inclusion</u>. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.19. <u>Survival</u>. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

14.20. <u>Notices</u>. Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: lrubinow@millershah.com

Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: ajberin@millershah.com

IF TO DEFENDANTS:

James O. Fleckner
GOODWIN PROCTER LLP

100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523- 1231
Email: jfleckner@goodwinlaw.com

Matthew L. Riffee
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, D.C 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Email: mriffee@goodwinlaw.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

14.21.  Entire Agreement.  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

14.22.  Counterparts.  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

14.23.  Binding Effect.  This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

14.24.  Destruction/Return of Confidential Information.  The Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential, and that the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Dated: May 15, 2024

On Behalf of Plaintiffs, Individually and as
Representatives of the Plan and the
Settlement Class:

/s/
James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
        lrubinow@millershah.com

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
        ajberin@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

Dated: May 15, 2024

On Behalf of IQVIA Inc., the Board of
Directors of IQVIA Holdings Inc., and the
Benefits Investment Committee:

/s/
James O. Fleckner
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523- 1231
Email: jfleckner@goodwinlaw.com

Matthew L. Riffee
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, D.C 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Email: mriffee@goodwinlaw.com

Jennifer K. Van Zant
N.C. State Bar No. 21280
Justin N. Outling
NC State Bar No. 38409
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
Facsimile: (336) 232-9132
Email: joutling@brookspierce.com
        jvanzant@brookspierce.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| DARYA DEARING, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>IQVIA INC., *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00574-WO-JEP |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

*IF YOU ARE OR WERE A PARTICIPANT IN THE IQVIA 401(K) PLAN, FORMERLY KNOWN AS THE QUINTILES 401(K) PLAN, AT ANY TIME BETWEEN JUNE 23, 2014 AND [INSERT PRELIMINARY APPROVAL DATE], YOU COULD RECEIVE A PAYMENT AND YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS CLASS ACTION SETTLEMENT.*

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

This Notice advises you of the settlement (the "Settlement") of a lawsuit against IQVIA Inc., the Board of Directors of IQVIA Holdings Inc., and the Benefits Investment Committee (collectively, "Defendants").  In the lawsuit, Plaintiffs, Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown, (collectively, "Plaintiffs," and with Defendants, the "Parties"), allege that Defendants violated the Employee Retirement Income Security Act ("ERISA") in the administration of the IQVIA 401(k) Plan, formerly known as the Quintiles 401(k) Plan (collectively the "Plan").  Defendants deny the allegations and deny that they engaged in any improper conduct.

YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL
RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I get this Notice? ................................................................................. 1
2. What is this lawsuit about? ................................................................................. 1
3. What is a class action lawsuit? ........................................................................... 1
4. Why is there a settlement? ................................................................................. 1
5. How do I get more information about the Settlement? ...................................... 2
6. Who will administer the Settlement? ................................................................. 2

**THE SETTLEMENT BENEFITS – WHAT THE SETTLEMENT PROVIDES**

7. What does the Settlement provide? ................................................................... 2
8. How may I benefit from the Settlement? .......................................................... 2
9. How do I submit a claim for a Settlement Payment? ........................................ 3
10. What are the Plaintiffs receiving from the Settlement? .................................. 3

**THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP**

11. What do I give up by participating in the Settlement? .................................... 4

**THE LAWYERS REPRESENTING YOU**

12. Do I have a lawyer in this case? ..................................................................... 4
13. How will the lawyers (Class Counsel) be paid? ............................................. 4

**OPTING OUT OF THE SETTLEMENT**

14. Can I exclude myself from the Class? ............................................................ 4

**OBJECTING TO THE SETTLEMENT**

15. What does it mean to object? .......................................................................... 4
16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Awards? .................. 5

**THE COURT'S FAIRNESS HEARING**

17. When/where will the Court decide whether to approve the Settlement? ............... 6
18. Do I have to attend the Fairness Hearing? ...................................................... 6
19. May I speak at the Fairness Hearing? ............................................................. 6

**IF YOU DO NOTHING**

20. What happens if I do nothing at all? .............................................................. 7

i

## BASIC INFORMATION

**1. Why did I get this Notice?**

Records indicate that you are or may be a Current Participant, Former Participant, Beneficiary or Alternate Payee of a Participant or Former Participant, of the Plan at any time on or after June 23, 2014, through and including [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period").[1]

You are receiving this Notice because you have a right to know about the proposed settlement of a class action lawsuit in which you are potentially a Class Member before the Court decides whether to approve the Settlement.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

The lawsuit is pending in the United States District Court for the Middle District of North Carolina (the "Court"). It is known as *Dearing, et al. v. IQVIA Inc., et al.,* Case No. 1:20-cv-00574-WO-JEP (M.D.N.C.) and is brought against Defendants.

**2. What is this lawsuit about?**

On June 23, 2020, Plaintiffs filed an action against Defendants, alleging that their administration of the Plan violated ERISA. Since the filing of the action, the Parties engaged in extensive litigation, including investigation of the claims and other developments, fact and expert discovery, briefing numerous motions, and preparing for trial. These efforts afforded the Parties a comprehensive understanding of the claims and defenses at issue. The Parties participated in a mediation and engaged in follow-up negotiations over the course of several months and were ultimately able to reach the terms of the Settlement explained in this Notice. Defendants have denied and continue to deny any wrongdoing or liability, and are settling the lawsuit solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Defendants will continue to vigorously defend the lawsuit if the proposed Settlement is not approved.

**3. What is a class action lawsuit?**

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege have similar claims. One court resolves all the issues for all class members in a single lawsuit. Plaintiffs are the class representatives in this lawsuit and are sometimes referred to in this Notice as the "Class Representatives" or as "Plaintiffs."

**4. Why is there a settlement?**

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to a settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other Class Members will receive compensation. Class Counsel have conducted an extensive review of the evidence in

---

[1] Capitalized terms not otherwise defined in this Notice shall have the same meaning as in the Settlement Agreement, which is available at strategicclaims.net/iqvia401k.

the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Settlement Class. The Court has not made any finding that Defendants have done anything wrong or violated any law or regulation.

**5.     How do I get more information about the Settlement?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement, which is available at strategicclaims.net/ iqvia401k, by contacting Class Counsel (see answer to question 12 and 16 for contact information) or the Settlement Administrator (see answer to question 6 for contact information), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ncmd.uscourts.gov/.

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR IQVIA INC. TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**6.     Who will administer the Settlement?**

The Settlement Administrator, Strategic Claims Services, will administer the Settlement, including the processing of the Former Participant Claim Form, if applicable, that you may need to fill out and send in to receive any settlement payment. You may contact the Settlement Administrator by: (a) sending a letter to IQVIA 401(k) Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson St #205, Media, PA 19063; (b) sending an e-mail to info@strategicclaims.net; (c) visiting the Settlement website at strategicclaims.net/iqvia401k; or (d) calling toll-free at (866) 274-4004.

**THE SETTLEMENT BENEFITS – WHAT THE SETTLEMENT PROVIDES**

**7.     What does the Settlement provide?**

Defendants have agreed to pay a total of $3,500,000.00 to Class Members ("Gross Settlement Amount"). Class Counsel intends to ask the Court to approve up to one-third of the Gross Settlement Amount ($1,166,666.67) for attorneys' fees, approve the reimbursement of reasonable and necessary litigation expenses actually incurred and carried by Class Counsel throughout the duration of the litigation, and approve a Case Contribution Award in the amount of $12,500.00 for each Class Representative. The amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Gross Settlement Amount *minus* the amounts used for other approved settlement purposes (Case Contribution Award, Court-approved Attorneys' Fees and Litigation Expenses, Administrative Expenses, and certain taxes and tax-related costs).

**8.     How may I benefit from the Settlement?**

You may be entitled to payment of a portion of the Net Settlement Amount. The amount paid to each Current Participant, Former Participant, Beneficiary, or Alternate Payee will be determined by a Plan of Allocation, which is available at strategicclaims.net/iqvia401k.

As explained below, if you are a Current Participant or Beneficiary or Alternate Payee of a Current Participant and you have an Active Account in the Plan, you do not need to take any action to receive payment under the Settlement. Payments to Current Participants or Beneficiaries or Alternate Payees of Current Participants with Active Accounts in the Plan shall be made into these persons' individual investment accounts in the Plan.

If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant, and you no longer have an Active Account in the Plan, you will need to submit a Former Participant Claim Form by the submission deadline to receive payment under the Settlement. Payments to Former Participants or Beneficiaries or Alternate Payees of Former Participants who do not have Active Accounts in the Plan may be made either by check or tax-qualified rollover to an individual retirement account or other eligible employer plan.

**9. How do I submit a claim for a Settlement Payment?**

If you are a Current Participant or a Beneficiary or Alternate Payee of a Current Participant with an Active Account in the Plan, you do not need to submit a claim to be eligible for a payment under the Settlement. You will receive any payment for which you are eligible automatically in your Plan account. If you are a Former Participant or a Beneficiary or an Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline in order to be eligible for payment under the Settlement. "Former Participant" means a member of the Settlement Class who had a Plan account with a balance greater than $0 during the Class Period but who does not have an Active Account (*i.e.*, a balance greater than $0) as of [INSERT PRELIMINARY APPROVAL DATE].

**If you are a Former Participant or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, and you want to receive any monetary benefits from the Settlement, you must submit the Former Participant Claim Form by no later than [INSERT ACTUAL DATE OF 120 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER].** You must mail the Former Participant Claim Form to the address shown on the Form.

A Former Participant Claim Form will be deemed submitted when it is actually received by the Settlement Administrator at the address listed in the Former Participant Claim Form.

**Even if you do not submit a Former Participant Claim Form, you will be bound by the Settlement. (See answer to question 14 below.)**

**10. What are the Plaintiffs receiving from the Settlement?**

Class Counsel intends to ask the Court to award a Case Contribution Award of $12,500.00 each to the Class Representatives in recognition of the work and effort they expended on behalf of the Class.

3

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**11.     What do I give up by participating in the Settlement?**

Each Class Member gives Defendants a "release."  A release means you give up your rights to sue Defendants or receive any benefits from any other lawsuit against Defendants if the lawsuit asserts similar claims or relates in any way to the practices or decisions at issue in this lawsuit.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel.  (See answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

Yes.  The Court has appointed the law firms of Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel.  You will not be charged for the work of these lawyers.  If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

**13.     How will the lawyers (Class Counsel) be paid?**

As described above, Class Counsel will ask the Court for an award of attorneys' fees of up to one-third of the Settlement Amount based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

**14.     Can I exclude myself from the Settlement Class?**

No.  The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders entered in the lawsuit for all claims asserted in the lawsuit or otherwise included as Released Claims (as defined in the Settlement Agreement).  If you wish to object to any part of the Settlement, you may write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**15.     What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

**16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Litigation Expenses or Class Representatives' Case Contribution Award?**

You can ask the Court to deny approval of the Settlement and/or the Motion for Attorneys' Fees and Litigation Expenses of Class Counsel or the Case Contribution Award to be requested for the Class Representatives by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

The Court, because of an objection or its own discretion, can award less than the amount requested by Class Counsel for attorneys' fees and expenses or the amount requested for the Case Contribution Award. While such a ruling could affect the timing and amount of settlement payments, any Court-ordered reduction in Class Counsel's attorneys' fees and expenses or the Case Contribution Award to be paid to the Class Representatives will not otherwise affect the finality of the Settlement.

Any objection to the proposed Settlement or Motion for Attorneys' Fees and Litigation Expenses or Case Contribution Award must be in writing in accordance with the requirements in the Preliminary Approval Order. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must: (a) clearly identify the case name and number as *Dearing, et al. v. IQVIA Inc., et al.*, Case No. 1:20-cv-00574-WO-JEP (M.D.N.C.); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544, or by filing them in person at any location of the United States District Court for the Middle District of North Carolina; and (c) be filed or postmarked on or before _____, 2024 [INSERT ACTUAL DATE OF 30 DAYS BEFORE THE FAIRNESS HEARING].

Your objection must also include: (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's names and contact information; (2) a written statement of your objection(s), specifying the reason(s) for each objection, including any supporting evidence, and whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) copies of any papers, brief, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection; (5) a list of any other objections to any class action settlements you or anyone acting on your behalf has submitted in any court in the United States, whether state, federal, or otherwise, in the previous five years; and (6) your signature, even if you are represented by counsel.

Any party may file a response to an objection by a Class Member at least seven calendar days before the Fairness Hearing.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| **Clerk of the Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| U.S. District Court for the Middle District of North Carolina Clerk of Court L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544 | Laurie Rubinow MILLER SHAH LLP 65 Main Street Chester, CT 06412 Tel: (866) 540-5505 lrubinow@millershah.com | James O. Fleckner GOODWIN PROCTER LLP 100 Northern Avenue Boston, MA 02210 Tel: (617) 570-1000 jfleckner@goodwinlaw.com |
| | Alec J. Berin MILLER SHAH LLP 1845 Walnut Street, Suite 806 Philadelphia, PA 19103 Tel: (610) 891-9880 ajberin@millershah.com | Matthew L. Riffee GOODWIN PROCTER LLP 1900 N Street, NW Washington, D.C 20036 Tel: (202) 346-4000 mriffee@goodwinlaw.com |

## <u>THE COURT'S FAIRNESS HEARING</u>

**17. When/where will the Court decide whether to approve the Settlement?**

On _____, at _____ a.m./p.m. [ACTUAL DATE AND TIME TO BE AT LEAST 140 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER AS ESTABLISHED BY THE COURT], in the L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544, the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The hearing may be continued from time to time by the Court without further notice, and may be held via teleconference or videoconference. Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed and to determine if the hearing is occurring in person or by video or teleconference.

**18. Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense. If you file an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is filed or postmarked by _____ [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in the answer to question 16 above, the Court will consider it. You may also send your own lawyer at your expense to attend the Fairness Hearing.

**19.     May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing.  Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at their own expense.

Objectors or their attorneys intending to participate at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than _____ [ACTUAL DATE TO BE 15 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THE PRELIMINARY APPROVAL ORDER].  Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

**IF YOU DO NOTHING**

**20.     What happens if I do nothing at all?**

IF YOU DO NOTHING AND THE COURT APPROVES OF THE SETTLEMENT, YOU AND ALL OTHER CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS.  If you are a Current Participant or a Beneficiary or Alternate Payee of a Current Participant with an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement benefits.  If you are a Former Participant or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline or you will not receive any of the settlement payments described above in answer to questions 7 and 8.

DATED: _____, 2024 [ACTUAL NOTICE DATE TO BE NO LATER THAN 30 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER]

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF
THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA.**

# EXHIBIT A-1

### Former Participant Claim Form

If you were a participant in a defined contribution 401(k) retirement plan known as the IQVIA 401(k) Plan, formerly known as the Quintiles 401(k) Plan (collectively the "Plan"), on or after June 23, 2014 through [PRELIMINARY APPROVAL DATE] (the "Class Period"), but you do not have an Active Account with the Plan, or are a Beneficiary or Alternate Payee (in the case of a person subject to a Qualified Domestic Relations Order) of a Former Participant, and would like to receive a payment from the *Dearing, et al. v. IQVIA Inc., et al.* Settlement, you must complete the form below and mail it to IQVIA 401(k) Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media, PA 19063 to be received NO LATER THAN [DEADLINE TO FILE FORMER PARTICIPANT CLAIM FORM].

"Active Account" means an individual investment account in the Plan with a balance greater than $0 as of [PRELIMINARY APPROVAL DATE]. "Former Participant" means a person who had an Active Account with a positive balance in the Plan during the Class Period but who did not have an account with the Plan with a balance greater than $0 as of [PRELIMINARY APPROVAL DATE]. "Beneficiary" or "Alternate Payee" means, for the purposes of this Former Participant Claim Form, a Beneficiary or Alternate Payee of a participant in the Plan who maintained a positive account balance in the Plan during the Class Period, but did not have an active account in the Plan as of [PRELIMINARY APPROVAL DATE].

**Participant Information**

| Name | | |
|------|------|------|
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Participant's Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Participant's Date of Birth | | |
| Email Address | | |

**Beneficiary or Alternate Payee Information** (ONLY PROVIDE IF THIS PERSON SHOULD RECEIVE PAYMENT INSTEAD OF THE PARTICIPANT)

| Your Name | | |
|------|------|------|
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Your Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Your Date of Birth | | |

| |
|---|
| |
| Email Address |

**Payment Election (choose only one)**

| ☐ | I WANT A CHECK MADE PAYABLE TO ME AND MAILED TO ME. Choosing this option entails the Settlement Administrator withholding 20% or more of your total payment for tax withholdings. The Settlement Administrator will mail your check to the Name and Address listed above. |

OR

| ☐ | I WANT A CHECK MADE PAYABLE TO MY RETIREMENT ACCOUNT AS A ROLLOVER DISTRIBUTION. PLEASE MAKE THE CHECK PAYABLE TO: |

| | |
|---:|---|
| Plan/Employer Name | |
| Account Name | |
| Account Number | |
| Contact or Trustee (if required) | |
| Address Line 1 | |
| Address Line 2 | |
| City, State, Zip | |

**NOTE: There is no promise or assurance that these funds are eligible for rollover or tax-preferred treatment. The decision to seek rollover treatment is yours alone. Any questions about taxation or rollover treatment must be directed to your tax advisor or accountant. No one associated with this case can provide you with assistance or advice of any kind in this regard or answer any tax questions.**

<u>**Required Certification Regarding Qualified Domestic Relations Order ("QDRO"):**</u> I hereby certify and represent under penalty of perjury that no portion of the payment to be received hereunder is subject to a QDRO, or, that a true, accurate, and current copy of any applicable QDRO is attached hereto along with the name and address of any payee other than the Class Member. Payment will be made in accordance with any QDRO supplied.

**Signature (Required):**_____ **Date:**_____

**Deceased Class Members**

Deceased Class Members are not eligible for rollover treatment. A Beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, including executors, heirs, assigns, estates, personal representatives, or successors-in-interest, must provide the following information with this Former Participant Claim Form to IQVIA 401(k) Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media PA 19063:

- Death certificate and evidence that such person is authorized to receive distribution of the deceased Class Member's settlement payment and the name and, if applicable, the percentage of distribution each person is entitled to receive;
- Social Security Number of each person entitled to receive payment;
- Current mailing address of each person entitled to receive payment; and
- Person(s) to whom check(s) should be made payable, and amount(s) of check(s).

# EXHIBIT B

# PLAN OF ALLOCATION

**1.1**     Each capitalized term below has the definition provided in the Settlement Agreement.

**1.2**     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of Current Participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.3**     To be eligible for a payment from the Net Settlement Amount, a person must be a Current Participant, Former Participant, Beneficiary, or Alternate Payee. Current Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below.  Former Participants, as well as Beneficiaries or Alternate Payees who do not have Active Accounts and who timely submit a Former Participant Claim Form, shall receive their settlement payments in the form of rollovers to an individual retirement account or other eligible employer plan or in the form of checks, as provided in Paragraph 1.7 below.

**1.4**     Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made.  This includes settlement payments to Beneficiaries based upon the Current Participant's or Former Participant's Plan account(s) during the Class Period and/or by the Beneficiary's own Plan account(s) during the Class Period, if an account was created in the Plan for the Beneficiary.  Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable QDRO, including Alternate Payees for whom an account was created in the Plan. Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Current Participants.  Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants.  The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.5**     <u>Calculation of Settlement Payments.</u> Payments to Current Participants, Former Participants, Beneficiaries, or Alternate Payees, shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

**1.5.1**   The Settlement Administrator shall determine the "Settlement Allocation Score" for each Current Participant, Former Participant, Beneficiary, or Alternate Payee, by: (i) determining the sum of the year-end account balances in the Plan of each Current Participant and Former Participant during the Class Period, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the sum of the year-end balance in the Plan of each such Beneficiary or Alternate Payee; and (ii) dividing the sum of each Current Participant's or Former Participant's, or, to the extent

applicable, each Beneficiary's or Alternate Payee's, year-end account balances in the Plan during the Class Period by the total sum of year-end asset amounts in the Plan during the Class Period.

The Settlement Allocation Score shall be used to calculate the *pro rata* settlement payment to each Current Participant, Former Participant, Beneficiary, or Alternate Payee from the Settlement Amount.

**1.5.2**   If the dollar amount of the settlement payment to a Former Participant, or a Beneficiary or Alternate Payee who does not have an Active Account, is initially calculated by the Settlement Administrator to be $10.00 or less, then that person's payment shall be $10.00, payable from the Investments Settlement Amount or Excessive Fees Settlement Amount, respectively, in accordance with the entitlement of the Former Participant, Beneficiary, or Alternate Payee to receive proceeds from such settlement amount.  All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 1.7.

**1.5.3**   The Plan's Recordkeeper (or designees) shall provide the necessary data subject to its control as may be reasonably available and necessary to enable the Settlement Administrator to perform the above calculations.

**1.5.4**   The Settlement Administrator shall utilize the calculations required to be performed herein for: (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Current Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

**1.5.5**   The total amount of all rollovers or checks to be paid by the Settlement Administrator for Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, plus the total amount of all allocations that the Plan are instructed to make to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, may not exceed the Net Settlement Amount.  Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below.  In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

**1.6**   <u>Payments to Current Participants and Beneficiaries or Alternate Payees with Active Accounts.</u>  Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**1.6.1**   Within a reasonable time after the Settlement Administrator has completed all payment calculations for all Current Participants, and Beneficiaries or Alternate Payees

2

who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons. In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.

    **1.6.2**    Thereafter, within ten (10) business days' written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator. Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in the amount stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

    **1.6.3**    The settlement payment for each Current Participant who is an active participant in the Plan (*i.e.*, has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions. If the Current Participant is no longer an active participant in the Plan, or does not have an investment election on file, then such participant shall be deemed to have directed such payment to be invested in the Plan's default investment option. Likewise, the settlement payment to each Beneficiary or Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

    **1.6.4**    The Plan's Recordkeeper shall process all settlement payments to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Qualified Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

    **1.6.5**    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Active Account(s) in accordance with this Plan of Allocation.

    **1.6.6**    If, as of the date when payments pursuant to this Settlement Agreement are made, a Current Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, no longer has an Active Account, he, she, or they will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her, or their payment from the Settlement Administrator in the form of a check or rollover as described in Paragraph 1.7. A Current Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1,

3

who no longer has an Active Account on the date of his, her, or their settlement distribution shall receive their payment by the same means as their withdrawal of funds from the Plan.

**1.7** <u>Payments to Former Participants and Beneficiaries or Alternate Payees without Active Accounts.</u> Each Former Participant and Beneficiary or Alternate Payee who does not have an Active Account must timely submit a Former Participant Claim Form in order to make a valid claim. In submitting a Former Participant Claim Form, each such Former Participant and Beneficiary or Alternate Payee without an Active Account will have the opportunity to elect distribution of their settlement payment directly by check or by rollover of his, her, or their settlement payment to an individual retirement account or other eligible employer plan, which he, she, or they have identified on the Former Participant Claim Form, provided that such a person supplies adequate information to the Settlement Administrator to effect the rollover. The distributions shall be issued as follows:

**1.7.1** The Settlement Administrator will either effect from the Qualified Settlement Fund the rollover the Former Participant or Beneficiary or Alternate Payee without an Active Account elected in the Former Participant Claim Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the settlement distribution by rollover, or issue a check from the Qualified Settlement Fund to the Former Participant or Beneficiary or Alternate Payee without an Active Account and mail the check to the address of such person listed in his, her, or their Former Participant Claim Form, or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

**1.7.2** With respect to settlement payments that are not rolled over, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant or Beneficiary or Alternate Payee without an Active Account; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8** This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

**1.9** The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.10** Within twenty one (21) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the

4

Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**1.11** The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

**1.12** Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**1.13** All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall return to the Qualified Settlement Fund.

**1.14** No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Qualified Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the benefit of the Plan's participants, and not to be used to defray any expenses that would otherwise be paid by Defendants or to defray Defendants' fees and costs in connection with the Class Action.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| DARYA DEARING, *et al.*, | Case No. 1:20-cv-00574-WO-JEP |
| Plaintiffs, |  |
| v. |  |
| IQVIA INC., *et al.*, |  |
| Defendants. |  |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, MAINTAINING CERTIFIED CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE,
PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND
SCHEDULING FAIRNESS HEARING**

This Class Action involves claims for alleged violations of the Employee Retirement
Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, with respect to the IQVIA 401(k) Plan,
formerly known as the Quintiles 401(k) Plan (collectively the "Plan").[1]  The terms of the
Settlement are set out in the Settlement Agreement.

Pursuant to Plaintiffs' Motion for Preliminary Approval filed on May 15, 2024, the Court
preliminarily considered the Settlement to determine, among other things, whether the Settlement
is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon
reviewing the Settlement Agreement, and the matter having come before the Court on _____
_____, 2024, due notice having been given and the Court having been fully advised in the
premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.    **Preliminary Certification of the Settlement Class.**  In accordance with the
Settlement Agreement and consistent with the Court's Order granting Plaintiffs' unopposed

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the
same meaning as ascribed to them in the Settlement Agreement.

motion for class certification (ECF No. 55), and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in the Plan at any time during the Class Period (June 23, 2014 through the date the Preliminary Approval Order is entered by the Court), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

2.     Pursuant to the Settlement Agreement, the Court's determination that maintaining certification is appropriate is based on findings that:

a)     as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

b)     as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

c)     as required under FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seeks to certify;

d)     as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class;

2

e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court maintains the appointment of Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown as Class Representatives for the Settlement Class, and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and by Class Counsel on behalf of the Class Representatives and the Settlement Class, on the other hand;

3

b)     The Class Representatives and Class Counsel had sufficient information to evaluate the settlement value of the Class Action and have concluded that the Settlement is fair, reasonable, and adequate;

c)     If the Settlement had not been achieved, the Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)     The amount of the Settlement—three million five hundred thousand dollars ($3,500,000.00)—is fair, reasonable, and adequate, considering the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Net Settlement Amount is efficient, relying on the Plan's records, requiring no filing of claims for Current Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts.  The Settlement terms related to Attorneys' Fees and Litigation Expenses do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv);

e)     At all times, the Class Representatives and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)     The proposed Plan of Allocation is fair, reasonable, and adequate.

5.     **Establishment of Qualified Settlement Fund.**  A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Qualified Settlement Fund."  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code.  The Qualified Settlement Fund shall be funded and administered in

4

accordance with the terms of the Settlement Agreement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Qualified Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Qualified Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing the information necessary for settlement administration as set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Qualified Settlement Fund only in accordance with the Settlement Agreement, this Preliminary Approval Order or any additional Orders issued by the Court. The Qualified Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Qualified Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Qualified Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Qualified Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Qualified Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Qualified Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Qualified Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the

5

income earned by the Qualified Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Qualified Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Qualified Settlement Fund itself and the Settlement Administrator as fiduciaries of the Qualified Settlement Fund. Reserves may be established for taxes on the Qualified Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Qualified Settlement Fund and supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Qualified Settlement Fund. All accounts, books, and records relating to the Qualified Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Qualified Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Qualified Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6

6. **Fairness Hearing.** A hearing is scheduled for _____, (at least 140 calendar days after preliminary approval) to make a final determination concerning, among other things:

   a) Any objections from Class Members to the Settlement or any aspects of it;

   b) Whether the Settlement merits final approval as fair, reasonable, and adequate;

   c) Whether the Class Action should be dismissed with prejudice pursuant to the terms of the Settlement;

   d) Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

   e) Whether the proposed Plan of Allocation should be granted final approval; and

   f) Whether Class Counsel's application(s) for Attorneys' Fees and Litigation Expenses and Case Contribution Award to the Class Representatives are fair and reasonable and should be approved.

7. **Settlement Notice.** The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement and the Former Participant Claim Form attached as Exhibit A-1 to the Settlement Agreement. The Court finds that such form of notice fairly and adequately:

   a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation;

   b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim;

   c) notifies the Settlement Class that Class Counsel will seek attorneys' fees

and litigation costs from the Gross Settlement Fund, payment of the costs of administering the Settlement out of the Gross Settlement Fund, and Case Contribution Awards for the Class Representatives for their service in such capacity;

d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and

e) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Claims Filing Deadline.** Former Participant Claim Forms must be returned to the Settlement Administrator within one hundred and twenty (120) days after entry of this Preliminary Approval Order by any Former Participants, Beneficiaries, or Alternate Payees who do not have Active Accounts, who wish to receive the benefits of this Settlement.

9. **Settlement Administrator and Escrow Agent.** The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

a) By no later than _____, 2024 (30 calendar days after entry of this Preliminary Approval Order), cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by electronic mail (if available) or first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time. In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not

8

returned the Former Participant Claim form within seventy-five (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within ten (10) days thereafter a post card by electronic mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

b)      By no later than _____, 2024 (30 calendar days after entry of this Preliminary Approval Order), cause the Settlement Notice to be published on the Settlement Website identified in the Settlement Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

c)      The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

10.    **Petition for Attorneys' Fees, Litigation Expenses, and Case Contribution Awards.**   Any petition by Class Counsel for attorneys' fees, litigation expenses, and Case Contribution Awards to the Class Representatives, and all briefs in support thereof, shall be filed no later than _____, 2024 (45 calendar days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

11.    **Briefs in Support of Final Approval of the Settlement.**   Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____, 2024 (45 calendar days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

12.    **Objections to Settlement.**   Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy

of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation expenses, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for a Case Contribution Award for the Class Representatives. An objector must file with the Court a statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

> U.S. District Court for the Middle District of North Carolina
> Clerk of Court
> L. Richardson Preyer Courthouse,
> 324 W. Market Street
> Greensboro, NC 27401-2544
> *Dearing, et al. v. IQVIA Inc., et al.*, Case No. 1:20-cv-00574-WO-JEP (M.D.N.C.)

The objector or his, her, their, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____, 2024 (30 calendar days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than _____, 2024 (30 calendar days before the date of the Fairness Hearing specified in this Preliminary Approval Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____, 2024 (seven calendar

10

days before the date of the Fairness Hearing specified in this Preliminary Approval Order). There shall be no reply briefs.

13.     Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than _____, 2024 (seven calendar days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

14.     **Participation in Final Approval Hearing.**  Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to participate in the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____, 2024 (15 calendar days before the date of Fairness Hearing specified in this Preliminary Approval Order).  Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

15.     **Notice Expenses.**  The expenses of distributing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund consistent with the Settlement Agreement.

16.     **Parallel Proceedings.**  Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity commencing or prosecuting any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

11

17.     **Class Action Fairness Act Notice.**  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

18.     **Continuance of Final Approval Hearing.**  The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and may schedule the hearing to be held by telephone or video conference.


**SO ORDERED** this _____ day of _____, 2024.


                                        _____
                                        Hon. William L. Osteen, Jr.
                                        United States District Judge

12

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

Case No. 1:20-cv-00574-WO-JEP

DARYA DEARING, *et al.*,

    Plaintiffs,

  v.

IQVIA INC., *et al.*,

    Defendants.

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

  This Class Action[1] came before the Court for hearing on _____, 2024 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval. Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

  1. The Court has jurisdiction over the subject matter of the Class Action and over all Parties, including all members of the Settlement Class.

  2. Consistent with the Court's Order granting Plaintiffs' unopposed motion for class certification (ECF No. 55), the Court maintains certification of the Settlement Class pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as follows:

> All persons who participated in the Plan at any time during the Class Period (June 23, 2014 through the date the Preliminary Approval Order is entered by the Court), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their

---

[1]All capitalized terms not otherwise defined in this Final Approval Order and Judgment shall have the same meaning as in the Settlement Agreement.

Case 1:20-cv-00574-WO-JEP Document 166-3 Filed 05/15/24 Page 65 of 77

Beneficiaries.

3.    The Court finds for the purpose of settling and resolving the Action that:

(a)    as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)    as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)    as required by FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seeks to certify.

(d)    as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class.

(e)    as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)    as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done

2

appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.      The Court maintains the appointment of Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown as Class Representatives for the Settlement Class and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

5.      The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Litigation Expenses and Case Contribution Award to the Class Representatives, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6.      The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.      Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's length, including under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of Class Representatives and the Settlement Class on the other hand;

(b)     Class Representatives and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement—three million five hundred thousand dollars ($3,500,000.00)—is fair, reasonable, and adequate, considering the costs, risks, and delay of trial and appeal.  The method of distributing the Net Settlement Amount is efficient and requires no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts.  The Settlement terms related to Attorneys' Fees and expenses and case contribution awards to Class Representatives do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).;

(e)     At all times, Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.     The Plan of Allocation is finally approved as fair, reasonable, and adequate.  The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.  The Settlement Administrator shall have final

authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10.     The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The releases are effective as of the date of this Order.  Accordingly, the Court orders that, as of the date of this Order, the Plan, Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), on their own behalf and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from any and all Released Claims, whether or not any Class Representative or Class Member may discover facts in addition to or different from those which the Class Representatives, Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not any Class Member has executed and delivered a Former Participant Claim Form; whether or not any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Litigation Expenses or for an award of Class Representatives' Case Contribution Award; and whether or not the objections or claims for distribution of any Class Member have been approved or allowed.

11.     The Plan, Class Representatives, and Class Members, (and their respective heirs,

5

beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), on their own behalf and on behalf of the Plan, hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims.

12.     The Plan, Class Representatives, Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13.     Each Class Representative and Class Member hereby releases the Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and Attorneys' Fees and Litigation Expenses arising from the allocation of the Qualified Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related Attorneys' Fees and Litigation Expenses.

14.     Class Counsel is awarded Attorneys' Fees in the amount of $1,166,666.67, plus any applicable interest, such amounts to be paid out of the Qualified Settlement Fund within twenty-one (21) calendar days of the Effective Date of the Settlement.  The Court finds that Class Counsel's efforts in this litigation and the results achieved on behalf of the Class merit an award of the requested Attorneys' Fees.  Further, the Court finds that the Litigation Expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested Litigation Expenses is warranted.

15.     Each of the Class Representatives is awarded $12,500.00 as a Case Contribution

Award for reasonable costs and expenses directly relating to the representation of the Class, such amounts to be paid from the Settlement Fund within twenty-one (21) calendar days of the Effective Date of the Settlement.

16.     The Court finds that the Attorneys' Fees and Litigation Expenses and Class Representative's Class Contribution Award are fair and reasonable based on the efforts undertaken by Class Counsel and Class Representatives on behalf of the Settlement Class.

17.     The operative Complaint in the Action and all claims asserted therein are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

18.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement. The Court shall also retain continuing jurisdiction over the Qualified Settlement Fund.

19.     Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, shall be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

20.     In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Action shall revert to its status as of the day immediately before the day the Settlement was executed. The Parties shall be afforded a reasonable opportunity to negotiate a

new case management schedule.

21.    With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

22.    Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution, and any other information as set forth in the Settlement Agreement.

23.    Upon entry of this Final Approval Order, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

24.    **Final Approval Granted**: The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

25.    **Judgment**: The Court hereby enters judgment dismissing all claims, counts, and causes of action alleged in the Action with prejudice.  Notwithstanding the reservation of jurisdiction in Paragraph 18 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Action.  The Clerk is directed to enter this judgment dismissing the Action with prejudice in the civil docket forthwith.

8

**SO ORDERED, ADJUDGED AND DECREED** this _____ day of _____, 2024.


_____
Hon. William L. Osteen, Jr.
United States District Judge

# EXHIBIT E

May ___, 2024

**<u>VIA USPS PRIORITY MAIL</u>**

TO:     Federal and State Officials Identified on Attached Distribution List, *Mail Merge.*

Re:     *Darya Dearing, et al. v. IQVIA Inc.*
       United States District Court for the Middle District of North Carolina
       Case No. 1:20-cv-00574-WO-JEP

         **<u>CAFA Notice Pursuant to 28 U.S.C. § 1715</u>**

Dear CAFA Notice Recipient:

Strategic Claims Services, an independent claims administrator, on behalf of Defendants, IQVIA Inc., the Board of Directors of IQVIA Holdings Inc., and the Benefits Investment Committee (collectively, "Defendants," and with Plaintiffs, the "Settling Parties"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of the proposed settlement of the above-captioned class action lawsuit (the "Class Action") currently pending in the United States District Court for the Middle District of North Carolina.

Plaintiffs filed a Settlement Agreement ("Settlement Agreement") and associated documents with the Court on May 15, 2024. A hearing on preliminary approval of the settlement is currently scheduled for [DATE] at [TIME] before the Honorable Judge William L. Osteen, Jr. at the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544 in Courtroom [NO.].

In reference to this letter, a website has been set up for viewing the documents associated with this case. The website is [INSERT] and on this website, under the folder with the case name, the following documents can be found:

**(1)**      **The Complaint and any materials filed with the Complaint.**

       The original complaint (Dkt. No.[1] 1) and the amended complaint (Dkt. No. 17) in the Action are available on the above referenced website. In addition, the complaint, amended complaint, and all other unsealed pleadings and records filed in the Class Action are available on the internet through the federal government's PACER service at https://ecf.ncmd.uscourts.gov/cgi-bin/ShowIndex.pl. Additional information about the PACER service may be found at https://www.pacer.gov.

---

[1]      Citations to "Dkt. No. ___" refer to docket entries in Case No. 1:20-cv-00574-WO-JEP.

(2)    **Notice of any scheduled judicial hearing in the class action.**

The Court has scheduled a hearing on Plaintiffs' motion to preliminarily approve the settlement on [DATE] at [TIME] before the Honorable Judge William L. Osteen, Jr. at the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544 in Courtroom [NO.]. Information concerning any changes to the date, time, and location of the hearing will be available through PACER and can be accessed as described in section (1) above.

(3)    **Any proposed or final notification to class members.**

Plaintiffs' Motion for Preliminary Approval of Settlement (Dkt. No. __), the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Dkt. No. __), and all supporting documents (Dkt. Nos. __) are available on the above referenced website. The parties' Settlement Agreement and its Exhibits __ (Dkt. No. __) are available on the above referenced website.

The proposed forms of direct notice to class members, which provide notice of the proposed settlement, are included as Exhibits A-1 and A-2 of the Settlement Agreement are available on the above referenced website.

(4)    **Any proposed or final class action settlement.**

As discussed in section (3) above, the parties' Settlement Agreement and its Exhibits __ (Dkt. No. __) are available on the above referenced website.

(5)    **Any settlement or other agreement contemporaneously made between Class Counsel and counsel for Defendants.**

There are no additional agreements between Class Counsel and counsel for Defendants.

(6)    **A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the Class Action. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above. A proposed Final Approval Order, as filed with the Court on May 15, 2024 as Exhibit __ to the Settlement Agreement, is available on the above referenced website.

(7)    **Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

Given the nature of the claims in the Class Action, it is not feasible at this time to ascertain the names of all the members of the class who reside in each state or the estimated proportionate share of the claims of such members to the proceeds of the Settlement.  It also is not feasible to provide an estimate of the number of members of the class residing in each state and the estimated proportionate share of the claims of such members to the Settlement.  Because this is a settlement class under Federal Rule of Civil Procedure 23(b)(1), class members do not have a right to request exclusion from the class.

**(8)     Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

The Defendants in this matter are represented by James O. Fleckner of Goodwin Procter LLP, 100 Northern Avenue Boston, MA 02210 and Matthew L. Riffee of Goodwin Procter LLP, 1900 N Street NW Washington, DC 20036.  Should you have any questions regarding this matter, please do not hesitate to contact James O. Fleckner at (617) 570-1000 or Matthew L. Riffee at (202) 346-4000.

Thank you for your attention to this matter.

Sincerely,

[SETTLEMENT ADMINISTRATOR SIGNATURE BLOCK]