# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARYA DEARING, JANICE GULLICK, NELSON SIEVERS, and LAUREN BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC.; THE BOARD OF DIRECTORS OF IQVIA HOLDINGS, INC.; and THE BENEFITS INVESTMENT COMMITTEE,<br><br>Defendants. | Case No: 1:20-cv-00574-WO-JEP |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINITFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND CASE CONTRIBUTION AWARDS

Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement dated May 24, 2024 (ECF No. 169, "Preliminary Approval Order"), Plaintiffs Darya Dearing, Janice Gullick, Nelson Sievers and Lauren Brown (collectively "Plaintiffs") respectfully submit this Memorandum of Law in further support of their Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Expenses, and Case Contribution Awards (ECF No. 171, "Motion") and to update the Court on the positive reception of the Settlement Class to the Settlement following execution of the Notice Plan.  Plaintiffs note that no party has opposed the Motion.

## I.      INTRODUCTION

The proposed Settlement represents a reasonable resolution of this thoroughly contested, years-long ERISA litigation and bears the hallmarks of a fair, reasonable, and adequate settlement warranting approval under Fourth Circuit law.  The Settlement, which was negotiated under the auspices of one of the country's most well-respected mediators of ERISA disputes after full discovery and would provide $3,500,000 in immediate monetary relief to the Settlement Class, represents a substantial recovery relative to Plan's realistically recoverable losses.  On May 24, 2024, the Court entered the Preliminary Approval Order, which conditionally certified the Settlement Class on a preliminary basis, found the Settlement was sufficiently fair, reasonable, and adequate to warrant preliminary approval, and directed the distribution of notice to the Settlement Class.  Since then, notice has been distributed to tens of thousands of Settlement Class members and ***none*** have objected to the Settlement or any of the related applications.  In addition, the Settlement and all related applications have been reviewed and approved by

1

the Independent Fiduciary retained on behalf of the Plan.  Under these circumstances, the Court should find good cause to grant the Motion in its entirety.

## II. BACKGROUND

Plaintiffs' Memorandum in support of the Motion reviewed the factual and procedural background of this matter.  *See* ECF No. 172.  This Reply Memorandum does not repeat the same background except to update the Court regarding the notice process and positive response of the Settlement Class and Independent Fiduciary.

### A. The Settlement

The Settlement represents a very favorable result for the Class considering the substantial risks and challenges that Plaintiffs and the Class would face in proving liability and defeating Defendants' affirmative defenses and arguments in response, as well as the costs and delays of continued litigation, including the trial and potential appeals, which would occur absent the Settlement.  The Settlement was reached after more than four years of fulsome litigation, during which the parties briefed several dispositive and procedural motions, engaged in full fact and expert discovery, and began preparation for the bench trial originally set for September 3, 2024.

The Settlement provides that, in exchange for dismissal of the action and a tailored release of claims, Defendants will pay $3,500,000 into the Settlement Fund, to be allocated to Current Participants, Former Participants, Beneficiaries, and Alternate Payees of the Plan pursuant to the Plan of Allocation.  *See* Settlement Agreement §§1.39, 4.1, 4.5, 5.3, 5.5.  The Settlement Agreement and the proposed Preliminary Approval Order set forth the Notice Plan and describe Plaintiffs' anticipated requests for awards of

2

attorneys' fees, litigation expenses, and case contribution awards, all of which have been preliminarily approved by the Court. At the Fairness Hearing, scheduled for December 2, 2024, members of the Settlement Class will have a chance to be heard if they have any objections. To date, the deadline to file written objections has passed and there have been no objections to any aspect of the Settlement.

### B. Class Notice

The Settlement Administrator has carried out the notice plan. More than 56,000 potential Class Members have received direct notice of the Settlement and, if applicable, a Former Participant Claim Form. *See* Supplemental Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participant Claim Form ("Supp. Vieira Decl.") at ¶ 4. In addition, the Settlement Administrator established a settlement website with information concerning the litigation, settlement, and claims process, as well as a toll-free number that Settlement Class members can call to obtain the same information. *See id.* at ¶ 8. The Settlement Administrator employed reasonable measures to follow up with Settlement Class members whose initial mailings were returned and who had not submitted a claim by the date identified in the Preliminary Approval Order. *See id*. at ¶ 4-9.

### C. Distribution of the Settlement Fund and Reaction of the Settlement Class

The reaction of the Settlement Class has been overwhelmingly positive. More than 32,000 members of the Settlement Class will automatically receive the benefit of the Settlement and over 4,200 additional claims have been submitted. *See* Supp. Vieira Decl.

at ¶ 15.  Along with this claims rate, *zero* objections have been submitted and the

deadline for objections has passed.  *See id*. at ¶ 10.  Instead, Class Counsel have fielded

dozens of calls from members of the Settlement Class, who have overwhelmingly

expressed approval of the Settlement.  *See* Supplemental Declaration of Alec J. Berin

("Berin Decl.") at ¶ 3.  Moreover, the Independent Fiduciary has reviewed all aspects of

the Settlement and approved the Settlement on behalf of the Plan.  *See id.* at ¶ 4; ECF No.

173-1.  The Independent Fiduciary's determination is based on its review and analysis of

the record and separate interviews of the parties' counsel by the Independent Fiduciary.

*See* ECF No. 173-1.  In addition, the Independent Fiduciary has found the requested

attorneys' fees and expenses are reasonable and warrant approval.  *See id.*

**D.  Applications for Attorneys' Fees, Litigation Expenses, and Case Contribution Awards**

The exceptional result in this action was achieved because of the significant efforts

of Plaintiffs and Class Counsel over the course of more than four years, during which

they pursued this action on a contingent basis and received no payment of attorneys' fees

or reimbursement of litigation expenses they incurred.  The requested attorneys' fees are

commensurate with the time and expenses that Class Counsel invested in the litigation—

in fact, the requested attorneys' fees would result in a multiplier of less than *.78* applied

to Class Counsel's total lodestar.  Under the circumstances, the Independent Fiduciary has

found the requested attorneys' fees and expenses are reasonable and should be approved

approval.  *See* ECF No. 173-1.  Moreover, each of the requests is consistent with awards

in similar ERISA class actions and warranted under Fourth Circuit authority.

4

*   *   *

Considering the positive reception of the Settlement Class and Independent Fiduciary, meaningful benefits made available by the Settlement, and to avoid the burden, expense, and uncertainty of continued litigation, Plaintiffs respectfully submit the Court should grant the Motion.

### III.   ARGUMENT

####   A. The Proposed Settlement is Fair, Reasonable, and Adequate

Under the factors articulated by the Fourth Circuit, the Settlement is fair, reasonable, and adequate and warrants final approval. *See In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). The Settlement was negotiated after comprehensive fact and expert discovery was completed and as the parties were preparing for trial, affording the parties the ability to realistically assess the range of reasonable outcomes and optimal resolutions. *See Domonske v. Bank of America*, N.A., 790 F. Supp. 2d 466, 473 (W.D. Va. Jun. 14, 2011) (holding settlement of a mature case points away from collusion); *see Clark v. Duke Univ.*, 2019 WL 2588029, at *5 (M.D.N.C. June 24, 2019) (approving a similar ERISA settlement as fair where the case had an "advanced posture," extensive discovery and depositions were taken, and experienced ERISA class counsel engaged in mediation before reaching an agreement); *see also Sims v. BB&T Corp.*, 2019 1995314, at *4 (M.D.N.C. May 6, 2019) (approving ERISA class settlement reached on the eve of trial as fair). The Independent Fiduciary's approval is further evidence of the adequacy of the Settlement. *See Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 769 (D. Md. 2022) (Bredar, C.J.) (citing *In re Wachovia Corp. ERISA Litig.*, 2011

5

WL 13262040, at *4 (W.D.N.C. Oct. 24, 2011); *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014)).  In addition, although Plaintiffs believes in the strength of their claims, the Settlement provides a substantial recovery relative to alleged damages and "assures that the Plaintiffs receive an immediate, tangible benefit instead of a future uncertain award." *Compton v. North Central Virginia Restaurants, Inc.*, 2022 WL 4008719, at *3 (W.D. Va. Sept. 2, 2022); *see also MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 667 (E.D. Va. 2001) (finding "a bird in hand is worth two in the bush" in the context of class action settlement).  The relative recovery of the Settlement compares very favorably to the settlements of other similar ERISA cases and class actions in other substantive areas resolved in the Fourth Circuit.  *See* ECF No. 172, at 12. (collecting cases).

### B.  The Reaction of the Class is Extremely Favorable

Courts regularly infer the positive reaction of absent class members based on the absence of objections to a settlement.  *See Boyd*, 299 F.R.D. at 464; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("The attitude of the members of the Class, as expressed directly or by failure to object, after notice to the settlement is a proper consideration for the trial court.").  Courts have opined that a small number of objections can be viewed as indicative of the adequacy of the settlement.  *See Seaman v. Duke Univ.*, No. 1:15-CV-462, 2019 WL 13193731, at *3 (M.D.N.C. Sept. 24, 2019) (quoting *See In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy."); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("The

6

attitude of the members of the class, as expressed directly or by failure to object, after notice, to the settlement, is a proper consideration for the trial court . . . .").

In this case, SCS distributed direct notices to over 56,000 members of the Settlement Class and not one objection was filed, further showing the positive attitude toward the Settlement. In addition to the lack of objections to the Settlement, there have been no objections to the requested attorneys' fees, litigation expenses, or case contribution awards. *See* Supp. Viera Decl. at ¶10; *see also In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 262 (E.D. Va. 2009) (finding "the dearth of legitimate objections to the requested fee" supports the "reasonableness of that request."); *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 305 (3d Cir. 2005) (affirming fee award and stating that district court "did not abuse its discretion in finding the absence of substantial objections by class members to the fee requests weighed in favor of approving the fee request").

In sum, the positive reaction of the Settlement Class supports final approval.

## C. The Request for Attorneys' Fees Should Be Approved

Plaintiffs' one-third fee request is based on the percentage-of-recovery method from the common fund, which is not only appropriate, but the preferred method. As this Court has recognized, in the Fourth Circuit, "[t]here are two main methods for calculating the reasonableness of attorneys' fees—the lodestar method and the percentage-of-recovery method." *Feinberg*, 610 F. Supp. 3d at 771. "Courts in this circuit generally use a percentage of recovery method and supplement it with the lodestar method as a cross-check." *Id.*; *see also Donaldson v. Primary Residential Mortg., Inc.*, 2021 WL 2187013, at *8 (D. Md. May 28, 2021).

As explained in Plaintiffs' opening papers, the factors traditionally analyzed in the context of common fund fee requests support the request. *See* ECF No. 172 at 15-21. Most notably the Settlement represents a substantial portion of losses incurred by the Plan, compares favorably to settlements in analogous ERISA cases, and was achieved by the efforts of Class Counsel for four years and up to the eve of trial with a substantial risk of nonpayment. *See id*., at 22-23; *see also Sims*, 2019 WL 1993514, at * 2.

Courts in the Fourth Circuit have recognized that attorneys' fees of one-third of a common fund are consistent with the market rate in complex ERISA class actions. *See Feinberg*, 610 F. Supp. 3d at 769 (collecting cases). Courts around the country concur. *See In re Biogen, Inc. ERISA Litig*., No. 1:20-cv-11325-DJC, ECF No. 128, at 7 (D. Mass. Jan. 24, 2024) (awarding attorneys' fees amounting to one-third of settlement fund); *Garthwait v. Eversource Energy Servs. Co.,* No. 3:20-cv-00902-JCH, at ECF No. 205, at 7 (D. Conn. Sept. 27, 2023) (same); *Kelly v. John Hopkins Univ*., 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020) (finding the "great weight of authority" justified an award of attorneys' fees of one-third of a common fund); *In re Marsh ERISA Litigation*, 265 F.R.D. 128, 149 (S.D.N.Y. Jan. 29, 2010). Plaintiffs' request is consistent with the preferred method for analyzing fee requests and is in line with the "great weight of authority" in ERISA class actions. *Kelly,* 2020 WL 434473, at *3.

Plaintiffs' requested fees are also reasonable compared to the lodestar calculation of time expended at reasonable billing rates, adjusted by a multiplier for the complexity of this ERISA class litigation. In total, Class Counsel has spent over 2,670 hours litigating this action to date, resulting in a total lodestar of $1,504,761.50, based on the

8

attorney and paraprofessional time expended at reasonable market rates. *See* ECF No. 173 at ¶ 15. The requested one-third fee represents a multiplier of less than *.78* applied to Class Counsel's lodestar. This does not include additional time that will be spent supervising the remainder of the settlement administration process. *See id*. at ¶ 16. The lodestar cross-check is intended solely to determine whether a proposed fee award is within a reasonable multiplier, like here, and should not disqualify an otherwise valid percentage recovery. *See Boyd*, 299 F.R.D. at 467; *see also Skochin v. Genworth Financial LLC*, 2020 WL 6708388, at *10 (E.D. Va. Nov. 13, 2020) (lodestar cross-check is secondary method of assessing reasonableness).

The Settlement and each of the related applications should be finally approved, not only because it is both procedurally and substantively fair under the factors articulated *In re: Lumber Liquidators Chines Manufactured Flooring Prod. Mktg. Sales Practices & Prod. Liab. Litig.*, 952 F.3d (citing *Jiffy Lube*, 927 F.2d at 159), but also because it has received decidedly positive reception from Settlement Class members, which this Circuit has viewed as the most significant factor in their inquiry. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2010 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)).

Beyond the lack of any objections to the Settlement itself, there have been no objections to the request for attorneys' fees, expenses, or case contribution awards for Plaintiffs. *See id.* Likewise, the Independent Fiduciary has reviewed each of the related applications and approved of the same of behalf of the Plan. *See* ECF No. 173-1. The

reaction of the Settlement Class and the Independent Fiduciary support approval of the

applications.

## IV.    CONCLUSION

The Court should grant the Motion in its entirety.

Dated: November 21, 2024

Respectfully Submitted,

/s/ *Alec J. Berin*

James C. Shah
(*Special appearance*)
Alec J. Berin
(*Special appearance*)
John C. Roberts
(*Special appearance*)
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
        ajberin@millershah.com
        jcroberts@millershah.com

James E. Miller
(*Special appearance*)
Laurie Rubinow
(*Special appearance*)
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
        lrubinow@millershah.com

Kolin C. Tang
(*Special appearance*)
MILLER SHAH LLP
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

John Szymankiewicz
NC State Bar No. 41623
Matheson & Associates PLLC
127 West Hargett Street, Suite 100
Raleigh, NC 27601
Telephone: (919) 335-5291
Facsimile: (919) 516-0686
Email: john@mathesonlawoffice.com

*Counsel for Plaintiffs, the Plan
and the Settlement Class*

11

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.3

I hereby certify that Plaintiffs' Reply Memorandum of Law in Support of

Plaintiffs' Motion for Final Approval of Class Action Settlement and Application for

Attorneys' Fees, Expenses, and Case Contribution Awards does not exceed 3,125 words.

/s/ *Alec J. Berin*
Alec J. Berin