IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARYA DEARING, JANICE GULLICK, )
NELSON SIEVERS and LAUREN )
BROWN, individually and as )
representatives of a class )
of similarly situated persons, )
on behalf of the IQVIA )
401 (K) Plan, )
 )
             Plaintiffs, )     1:20-cv-574
 )
  v. )
 )
IQVIA INC., THE BOARD OF )
DIRECTORS OF IQVIA HOLDINGS, )
INC., THE BENEFITS INVESTMENT )
COMMITTEE, and JOHN DOES No. )
1-20, Whose Names Are )
Currently Unknown, )
 )
             Defendants. )

**FINAL APPROVAL ORDER AND JUDGMENT**

This Class Action[1] came before the court for hearing on December 2, 2024 to determine the fairness of the proposed Settlement presented to the court and the subject of this court's Order Granting Preliminary Approval. Due notice having been given and the Court having been fully advised in the premises,

---

[1] All capitalized terms not otherwise defined in this Final Approval Order and Judgment shall have the same meaning as in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The court has jurisdiction over the subject matter of the Class Action and over all Parties, including all members of the Settlement Class.

2. Consistent with the court's Order granting Plaintiffs' unopposed motion for class certification, (Doc. 55), the court maintains certification of the Settlement Class pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as follows:

> All persons who participated in the Plan at any time during the Class Period (June 23, 2014 through the date the Preliminary Approval Order is entered by the Court), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

3. The court finds for the purpose of settling and resolving the Action that:

    (a) as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b) as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c) as required by Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seeks to certify.

(d) as required by Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class.

(e) as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or

substantially impair or impede the ability of such persons to protect their interests.

(f) as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The court maintains the appointment of Darya Dearing, Janice Gullick, Nelson Sievers, and Lauren Brown as Class Representatives for the Settlement Class and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

5. The court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Litigation Expenses and Case Contribution Award to the Class Representatives, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient

- 4 -

notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(e), the court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

    (a) The Settlement was negotiated vigorously and at arm's length, including under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of Class Representatives and the Settlement Class on the other hand;

    (b) Class Representatives and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement—three million five hundred thousand dollars ($3,500,000.00)—is fair, reasonable, and adequate, considering the costs, risks, and delay of trial and appeal. The method of distributing the Net Settlement Amount is efficient and requires no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to Attorneys' Fees and expenses and case contribution awards to Class Representatives do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv);

(e) At all times, Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.  The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.  All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the date of this Order. Accordingly, the court orders that, as of the date of this Order, the Plan, Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), on their own behalf and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and

- 7 -

discharge all Released Parties from any and all Released Claims, whether or not any Class Representative or Class Member may discover facts in addition to or different from those which the Class Representatives, Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not any Class Member has executed and delivered a Former Participant Claim Form; whether or not any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Litigation Expenses or for an award of Class Representatives' Case Contribution Award; and whether or not the objections or claims for distribution of any Class Member have been approved or allowed.

11. The Plan, Class Representatives, and Class Members, (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), on their own behalf and on behalf of the Plan, hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims.

12. The Plan, Class Representatives, Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13. Each Class Representative and Class Member hereby releases the Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and Attorneys' Fees and Litigation Expenses arising from the allocation of the Qualified Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related Attorneys' Fees and Litigation Expenses.

14. Class Counsel is awarded Attorneys' Fees in the amount of $1,166,666.67, plus one-third of any applicable interest actually accrued on the amounts held in the Qualified Settlement Fund prior to the Settlement Effective Date up until payment as a result of the investment of such funds consistent with the

terms of the Settlement,[2] such amounts to be paid out of the Qualified Settlement Fund within twenty-one (21) calendar days of the Effective Date of the Settlement or as soon as practicable thereafter. The Court finds that Class Counsel's efforts in this litigation and the results achieved on behalf of the Class merit an award of the requested Attorneys' Fees.

Further, the Court finds that the Litigation Expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested Litigation Expenses is warranted.

15. Each of the Class Representatives is awarded $12,500.00 as a Case Contribution Award for reasonable costs and expenses directly relating to the representation of the Class, such amounts to be paid from the Settlement Fund within twenty-one (21) calendar days of the Effective Date of the Settlement.

16. The court finds that the Attorneys' Fees and Litigation Expenses and Class Representative's Class Contribution Award are fair and reasonable based on the efforts

---

[2] The remaining two-thirds of any applicable interest accrued on the amounts held in the Qualified Settlement Fund prior to the Settlement Effective Date up until payment shall be applied to the amounts to be paid or credited to current or former participants out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

undertaken by Class Counsel and Class Representatives on behalf of the Settlement Class.

17. The operative Complaint in the Action and all claims asserted therein are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

18. The court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement. The Court shall also retain continuing jurisdiction over the Qualified Settlement Fund.

19. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, shall be filed in this court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

20.  In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and the Action shall revert to its status as of the day immediately before the day the Settlement was executed. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

21.  With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

22.  Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution, and any other information as set forth in the Settlement Agreement.

23. Upon entry of this Final Approval Order, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

24. **FINAL APPROVAL GRANTED:** The Motion for Final Approval of the Settlement Agreement, (Doc. 171), is hereby **GRANTED**, the settlement of the Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

25. **JUDGMENT:** The Court hereby enters judgment dismissing all claims, counts, and causes of action alleged in the Action with prejudice. Notwithstanding the reservation of jurisdiction in Paragraph 18 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Action.

The Clerk is directed to enter this Judgment **DISMISSING THIS ACTION WITH PREJUDICE** in the civil docket forthwith.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

This the 5th day of December, 2024.

_____
United States District Judge